393 A.2d 720

**COMMONWEALTH of Pennsylvania**

v.

**John BANGS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1977.
Decided Oct. 20, 1978.

Russell J. Ober, Jr., Pittsburgh, with him Wallace, Chapas & Ober, Pittsburgh, for appellant.

J. Hernandez-Cuebas, Assistant District Attorney, with him Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On July 19, 1976, appellant was charged in a private complaint with five counts of statutory rape.[1] The acts on which the complaint was based were alleged to have taken place on or about April 16, May 27, and June 1, 1976, and on two unspecified dates in May 1976. It was further alleged in the complaint that the victim was at all times fourteen years old, having been born on September 4, 1961.

On July 29, 1976, a preliminary hearing was held, and on August 19 an information was filed against appellant. On

---

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S.A. § 3122. As will be discussed, this section had been amended a month before the complaint was filed, but appellant was charged under the unamended section. See n. 2, *infra.*

August 24 appellant filed an application to quash the information. The application cited the fact that the Act of May 18, 1976, P.L. 120, No. 53, § 1, effective in 30 days, had amended the Crimes Code definition of statutory rape by reducing the age of consent from sixteen years to fourteen years, and that this amendment had been made without the inclusion of a clause saving statutory rape prosecutions in progress at the time of its effective date.[2] Accordingly, the application contended, the Commonwealth's authority to prosecute appellant had terminated.

On November 10, 1976, the lower court entered an order denying appellant's application. On November 19 appellant filed a petition in the lower court for allowance of appeal and certification, and in response the lower court stayed proceedings and certified the record to this court. On November 23 appellant filed in this court a petition for permission to appeal from an interlocutory order, and on November 24 this court granted the petition.[3]

■ It is settled that

[t]here is no vested right in the Commonwealth, existing after the repeal of a criminal statute, to prosecute an

2. Since the amendment went into effect on June 18, 1976, and the prosecution against appellant was not commenced until July 19, 1976, appellant's case was in fact not in progress on the day the amendment became effective. However, appellant has not raised the issue of whether the failure to begin the prosecution until after the amendment became effective resulted in an abatement. We therefore express no opinion on this issue.

With respect to the absence of a saving clause, we note that Pennsylvania is among the handful of states presently without a general saving clause applicable to criminal prosecutions. The general saving clause contained in the Massachusetts statutory construction law is illustrative of the sort of clause enacted in forty-five states:

. . . The repeal of a statute shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, or any suit, prosecution or proceedings pending at the time of the repeal for an offense committed, or for the recovery of a penalty or forfeiture incurred, under the statute repealed.

Mass.Ann.Laws ch. 4, § 6 (1976).

Three states have a similar provision in their constitutions.

3. The Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 501, 17 P.S. § 211.501.

offense in existence prior to the repeal of such statute. . . . [A]ll proceedings which have not been determined by final judgment, are wiped out by a repeal of the act under which the prosecution for the offense took place. *Commonwealth v. Rose,* 60 Pa.Super. 458, 462 (1915). *See United States v. Schooner Peggy,* 1 Cranch 103, 110, 2 L.Ed. 103 (1801). The Commonwealth, however, contends that the Act of May 18, 1976, *supra,* was merely an amendment to, and did not repeal, the statutory rape statute. The Commonwealth finds support for this contention in the fact that the legislature did not change the wording of the statutory rape statute except as regards the age requirements. From this the Commonwealth concludes that the legislature intended to allow the Commonwealth to prosecute someone like appellant, who before the effective date of the amendment engaged in sexual intercourse with a person who was not his spouse and was less than sixteen years old.

We are unable to accept the Commonwealth's argument. By changing the age requirements for statutory rape, the Act of May 18, 1976, *supra,* changed the elements of the offense. Before amendment Section 3122 provided:

A person who is 16 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse *who is less than 16 years of age.*

(emphasis added)

Now Section 3122 provides:

A person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse *who is less than 14 years of age.*

(emphasis added)

Thus the legislature determined that sexual intercourse with a person who was not one's spouse and who was fourteen or fifteen years old was no longer criminal. The fact that the legislature accomplished this change by amendment is immaterial. In *In re Dandridge,* 462 Pa. 67, 337 A.2d 885 (1975),

our Supreme Court, quoting with approval from the United States Supreme Court's opinion in *Bell v. Maryland,* 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964), stated:

". . . [W]hen the legislature repeals a criminal statute *or otherwise removes the State's condemnation from conduct that was formerly deemed criminal,* this action requires the dismissal of a pending criminal proceeding charging such conduct."

*Id.* 462 Pa. at 74, 337 A.2d at 888 (emphasis added). *Accord, Commonwealth v. Gross,* 145 Pa.Super. 92, 98, 21 A.2d 238, 241 (1941).

The order of the lower court denying appellant's application to quash the information is reversed, and appellant is discharged.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.