**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Harold E. GRIMES, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 2003.

Filed Jan. 26, 2004.

John P. Campana, Williamsport, for appellant.

William C. Simmers, Asst. Dist. Atty., Williamsport, for Com.

Before: JOHNSON, JOYCE and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Harold E. Grimes appeals the July 25, 2002, judgment of sentence of eighteen (18) months to five (5) years incarceration imposed after a jury found him guilty of homicide by vehicle.[1] The charges arose following a December 16, 2000, car accident in which appellant drove his vehicle across the center line, into the victim's lane of travel, and struck the victim's car, killing him.

¶ 2 Appellant filed a pre-trial motion requesting that the trial court quash the information because he argued the statute he was alleged to have violated, i.e., 75 Pa.C.S.A. § 3732, **Homicide by Vehicle**, was repealed and was no longer in effect.[2] The trial court denied the motion in its August 7, 2001 Order. Appellant also filed a post-sentence motion in which he asserted, *inter alia,* the trial court improperly charged the jury using the language of 75 Pa.C.S.A. § 3732 as amended December 20, 2000, effective in 60 days, which he asserted was a violation of the ex post facto prohibition of the Pennsylvania Constitution, Article 1, **Declaration of Rights,** Section 17, **Ex post facto laws; impairment of contracts.** Said motion was denied on January 23, 2003. Appellant then filed this timely appeal in which he raises the following questions.

1. Did the lower court err when it refused to quash the information against the appellant, after the original criminal statute had been repealed[?]

2. Did the lower court err when it defined the elements of the offense in the words of the new statute, as this was a violation of the ex-post facto prohibition of the Pennsylvania Constitution (Art 1, Sect 17)[?]

Appellant's brief at 5–6.

¶ 3 The version of Section 3732 in effect at the time of appellant's offense, which was prior to the December 20, 2000 amendment, read,

Any person who *unintentionally* causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3731 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

75 Pa.C.S.A. § 3732, *ante* (emphasis supplied).

¶ 4 Under pre-amendment Section 3732, conviction for homicide by vehicle required the prosecution to prove the defendant's conduct was criminally negligent or reckless. *See Commonwealth v. Petroll,* 558 Pa. 565, n. 11, 738 A.2d 993, n. 11 (1999), *citing Commonwealth v. Heck,* 517 Pa. 192, 201, 535 A.2d 575, 580 (1987); *See*

---

1. 75 Pa.C.S.A. § 3732. We note the court also found appellant guilty of violations of the following sections of the Motor Vehicle Code: *id.,* at § 3309 **Driving on roadways laned for traffic;** *id.,* at § 3714, **Careless driving;** *id.,* at § 3301, **Driving on right side of road;** and *id.,* at § 3302 **Meeting vehicle proceeding in opposite direction.**

2. This argument is based upon the December 20, 2000 amendment to Section 3732 which is discussed in detail *infra.*

*also, Commonwealth v. Samuels,* 566 Pa. 109, 112, 778 A.2d 638, 640 (2001) (stating that, although Section 3732 required only that the death be caused unintentionally, case law held the minimum level of culpability required for conviction of homicide by vehicle is criminal negligence). Also in *Heck,* our Supreme Court clarified that negligence as used in 18 Pa.C.S.A. § 302, General requirements of culpability, (b) Kinds of culpability defined, (4), is intended to mean criminal negligence. *See Heck,* at 201, 535 A.2d at 580; *See also* 18 Pa. C.S.A. § 302, Official Comment.

¶ 5 The December 20, 2000 amendment to Section 3732 substituted "recklessly or with gross negligence" for "unintentionally" and increased the offense from a misdemeanor of the first degree to a felony of the third degree.

¶ 6 Extant case law makes clear gross negligence is *not* the equivalent of criminal negligence as defined in 18 Pa.C.S.A. § 302(b)(4) [3] but rather the concept of gross negligence is encompassed within the concept of recklessness as set forth in Section 302(b)(3).[4] *Commonwealth v. Huggins,* 836 A.2d 862, 2003 Pa. Lexis 2154 (Pa.2003).[5] Accordingly, the December 20, 2000 amendment to Section 3732 enhanced the level of culpability required for conviction under this Section, i.e., criminal negligence is no longer sufficient for conviction. Recklessness, however, remains sufficient.

█ ¶ 7 Appellant alleges the trial court had no jurisdiction over the case because he says the legislature, in amending the statute, created a new crime and, in doing so, decided the old conduct is no longer criminal. He cites as authority for this contention *Commonwealth v. Bangs,* 259 Pa.Super. 68, 393 A.2d 720 (1978). In *Bangs,* the appellant was charged with the statutory rape of a fourteen (14) year old victim. The definition of statutory rape required that the person sixteen (16) years old or older have intercourse with a victim less than sixteen (16) years of age. An amendment changed the definition to require that a person eighteen (18) years old or older have intercourse with a person less than fourteen (14) years of age. This Court concluded since the legislature determined it was no longer a crime to have

---

3. 18 Pa.C.S.A. § 302 **General requirements of culpability,** (b) **Kinds of culpability defined,** (4), defines negligence as

A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(4).

4. *Id.,* § 302(b)(3) defines recklessness as

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element

exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

*Id.,* § 302(b)(3).

5. Although in *Commonwealth v. Huggins,* 836 A.2d 862, 2003 Pa. Lexis 2154 (Pa.2003), our Supreme Court discusses the distinction between negligence, gross negligence and recklessness in the context of 18 Pa.C.S.A. § 2504, **Involuntary manslaughter,** the rationale is equally applicable to 75 Pa.C.S.A. § 3732, **Homicide by vehicle.** Moreover, this distinction is discussed more generally in *Commonwealth v. Seibert,* 799 A.2d 54, 60 (Pa.Super.2002), and *Commonwealth v. Comer,* 552 Pa. 527, 534, 716 A.2d 593, 597 (1998).

sex with a fourteen (14) year old, and the amendment took place prior to the entry of final judgment in the case, the charges had to be dismissed.

¶ 8 Appellant's reliance on *Bangs* is misplaced. Although the December 20, 2000 amendment to 75 Pa.C.S.A. § 3732 precludes conviction of one who with criminal negligence causes the death of another while engaged in a specified violation, it does not preclude conviction for one who does so recklessly. Under pre-amendment Section 3732 and post-amendment 3732, it is a crime to recklessly cause the death of another while engaged in a specified violation. A reasonable jury certainly could have found appellant acted recklessly. Appellant weaved all over the roadway and repeatedly swerved into oncoming traffic an estimated ten to twenty times. Trial Court Opinion, Brown, J., 6/25/2003, at 1–2. He did not hit his brakes or even attempt to avoid hitting the victim's car. *Id.*, at 2. This conduct undisputedly resulted in the victim's death. Appellant cannot seriously argue this conduct is no longer criminal under the amended Section 3732.

■ ¶ 9 With regard to appellant's second argument, we note the trial court charged the jury, in relevant part, as follows.

> In order to find the Defendant guilty of vehicular homicide you must be satisfied that the following four elements have been proven beyond a reasonable doubt.
>
> . . .
>
> The first element is that the Defendant committed a violation of a section of the Motor Vehicle Code upon a highway or traffic way. Second element, that under the circumstances, *the Defendant acted recklessly or with gross negligence* by engaging in contact [sic] that violated a section of the Motor Vehicle Code. Third, William Waugh is dead. And fourth, the Defendant's violation of the

section of the Motor Vehicle Code was a direct cause of the death of William Waugh.

N.T., Trial, 5/10/2002, at 19–20 (emphasis supplied).

¶ 10 The trial judge explained that in the context of Section 3732, "a Defendant acts recklessly by engaging in conduct that violates the Vehicle Code when he consciously disregards a substantial and unjustifiable risk that his conduct will cause death, the nature and degree of the risk being such that it is grossly unreasonable for him to disregard it." *Id.*, at 21. He also explained that in this context "[a] Defendant acts with gross negligence by engaging in conduct that violates the Vehicle Code when he should be aware of a substantial and unjustifiable risk that his conduct will cause death, the nature and degree of the risk being such that it is grossly unreasonable for him to fail to recognize the risk." *Id.*

¶ 11 Although the trial court used the language of the amended statute, i.e. gross negligence or recklessness, its charge as to gross negligence was akin to the concept of negligence as set forth in 18 Pa.C.S.A. § 302(b)(4) rather than recklessness as set forth in Section 302(b)(3). Recklessness as set forth in Section 302(b)(3) requires that the defendant *consciously disregards* a substantial and unjustifiable risk whereas negligence as set forth in section 302(b)(4) requires that the defendant *should be aware* of a substantial and unjustifiable risk. Because the trial court's instruction as to gross negligence was akin to the definition of negligence as set forth in Section 302(b)(4), we find the trial court's error was harmless.

¶ 12 We also note appellant was charged with a misdemeanor of the first degree as the Commonwealth agreed it would be a violation of the ex post facto prohibition to

prosecute appellant under the amended statute since there under he would have been charged with a felony of the third degree. Trial Court Opinion, Anderson, J., 8/7/2001, at 3.

¶ 13 We find the trial court committed no reversible error.

¶ 14 Judgment of sentence affirmed.