J. S36026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY ARMOLT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, SUPERINTENDENT OF | : | |
| SCI MAHANOY | : | No. 2013 MDA 2015 |

Appeal from the Order Entered October 29, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division No(s): CP-54-MD-0001369-2015

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                                      **FILED JUNE 10, 2016**

Appellant, Jeffrey Armolt, appeals *pro se* from the October 29, 2015

Order denying and dismissing his Petition for Review of the Schuylkill County

District Attorney's disapproval of his Private Criminal Complaint. On

December 22, 2003, Appellant pled guilty to three counts of raping a

juvenile, and is currently serving a sentence of 15 to 30 years of

incarceration at SCI-Mahanoy. In his Private Criminal Complaint, Appellant

sought to have SCI-Mahanoy Superintendent John Kerestes criminally

prosecuted for Obstructing Administration of Law or Other Governmental

Function, Official Oppression, False Imprisonment, and Criminal Conspiracy.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 5101; 18 Pa.C.S. § 5301; 18 Pa.C.S. § 2903; and 18 Pa.C.S. § 903, respectively.

After careful review, we affirm the trial court's Order denying and dismissing Appellant's Petition.

## **Appellant's Underlying Conviction and Judgment of Sentence**

Appellant's Private Criminal Complaint alleged that Superintendent Kerestes is holding him subject to an illegal sentence. We briefly summarize the factual and procedural history of Appellant's underlying conviction and sentencing as follows.

> [O]n February 24, 2002, a 12-year-old juvenile, K.S. gave birth to a premature baby at Gettysburg Hospital. Hospital staff contacted the State Police. The trooper assigned to the case interviewed K. S. who reported that [Appellant] (DOB 5/1/1966) engaged in various sexual acts with her, including 15-20 acts of sexual intercourse. The . . . trooper obtained blood samples from K. S. and [Appellant], as well as a swab from the baby. Testing was allegedly completed by Cellmark Diagnostics Lab indicating that the "data are consistent with [Appellant] being the biological father of the baby." The baby died on March 6, 2002.

Trial Court Opinion, filed 1/8/15, at 2 (adopted by this Court in **Commonwealth v. Armolt**, No. 125 MDA 2015, unpublished memorandum at 1 (Pa. Super. filed July 23, 2015)).

On March 27, 2002, Appellant was arrested and charged with fifteen counts of Rape, 18 Pa.C.S. § 3121(a)(6), and related offenses, in connection with incidents occurring in Adams County between September 2001 and February 2002. **Id.**

On December 9, 2002, in the period of time between Appellant's arrest and his eventual sentencing, the legislature passed Act 162 of 2002. H.B. 976, 2002 Leg., 185th Sess. (Pa. 2002) (hereinafter "Act 162"). Act 162

both repealed Section 3121(a)(6) and simultaneously re-enacted the same

prohibitions under a different subsection at 3121(c). Section 3121(a)(6)

provided:

> (a)   Offense defined.   A person commits a felony of the first degree when he or she engages in sexual intercourse with a complainant:
>
> * * *
>
> (6)  Who is less than 13 years of age.

*Id.* In its current form, Section 3121(c) provides:

> (c)  Rape of a child – A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age.

*Id.* Act 162, in substance, simply reorganized Section 3121 without making

any substantive changes to the offense codified therein.

On December 22, 2003, Appellant pled guilty to three counts of Rape

pursuant to 18 Pa.C.S. § 3121(a)(6), and was sentenced to a period of

incarceration of 15 to 30 years. Trial Court Opinion, filed 1/8/15, at 4, 7.

Appellant did not file a direct appeal from his Judgment of Sentence. *Id.* at

10.

Almost three years later, Appellant brought the first of four challenges

to his conviction and sentence. On January 16, 2007, Appellant filed a

Petition under the Post Conviction Relief Act ("PCRA"), which argued *inter

alia*, that his Judgment of Sentence under Section 3121(a)(6) was illegal

because the subsection was repealed prior to his sentencing. Trial Court

Opinion, filed 1/8/15, at 10, 17-18. The PCRA Court dismissed Appellant's Petition, and this Court affirmed. ***Commonwealth v. Armolt***, No. 294 MDA 2008, unpublished memorandum at 1 (Pa. Super. filed January 2, 2009). Since then, Appellant has unsuccessfully sought relief in two additional PCRA Petitions and filed a civil *habeas corpus* action against several government officials. ***See*** Trial Court Opinion, filed 1/8/15, at 20 (detailing Appellant's second PCRA Petition, which included a challenge to Appellant's sentence, and denying Appellant's third PCRA Petition); ***Commonwealth v. Armolt***, No. 53 MDA 2014, unpublished memorandum at 1 (Pa. Super. filed July 23, 2014) (affirming the denial of Appellant's *habeas corpus* action).

### Appellant's Private Criminal Complaint

With respect to the instant appeal, the factual and procedural history is as follows:

> On or about August 15, 2015, [Appellant] filed a private criminal complaint against John Kerestes, the Superintendent of SCI-Mahanoy.

> * * *

> The facts that [Appellant] used to support his criminal charges against Superintendent Kerestes was [*sic*] that [Appellant] was unlawfully detained . . . because the statute on his sentencing order and commitment forms is that of [Section 3121(a)(6)], which [Appellant] alleges was repealed by the Act of December 9, 2002, P.L. 1350, No. 162 #2.

> On September 23, 2015, the Schuylkill County District Attorney disapproved of the private criminal complaint because there was no legal basis for the complaint. The District Attorney attached the April 12, 2004 sentencing order from Adams County which shows that [Appellant] was sentenced to 15 to 30 years. By

- 4 -

Order of Court dated October 29, 2015, [the trial court] dismissed Appellant's Motion to Proceed In Forma Pauperis as well as his request for [c]ourt review of the District Attorney's disapproval of private criminal complaint pursuant to [Pa.R.Crim.P. 506].

Trial Court Opinion, filed 1/7/16, at 2-3.

Appellant filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

Appellant presents, verbatim, the following "Questions [ ] For the Court:"

1. Does the Commonwealth Attorney's disapproval of Appellant's private criminal complaint, where evidence set forth a strong prima facie showing that appellant's imprisonment is illegal as a matter of law, show that the Commonwealth Attorney abused her discretion and /or acted in bad-faith?

2. Did the trial court abuse it's discretion and /or act in bad-faith by failing to recognize that the Commonwealth Attorney did not properly investigate the claims, allegations or evidence as contained in Appellant's private criminal complaint?

3. Must Appellant's sentence be in accordance with the law at final judgment?

Appellant's Brief at 3.

## Analysis

Appellant challenges the legality of his detention, the District Attorney's denial of his Private Criminal Complaint filed against prison officials, and the trial court's subsequent dismissal of his Petition for Review. Appellant bases all of his issues on his contention that because 18 Pa.C.S. §

3121(a)(6) was repealed prior to his sentencing, his Sentencing Order is invalid. We, thus, address all of his issues together.[2]

In addressing a District Attorney's refusal to prosecute a private criminal complaint, our Court has consistently held that a determination that a private criminal complaint "lacks prosecutorial merit" is a policy determination. **In re Private Complaint of Adams**, 764 A.2d 577, 581 (Pa. Super. 2000). When a District Attorney's denial of a private criminal complaint is based wholly on policy considerations, then the trial court must defer to the prosecutor's discretion absent a gross abuse of that discretion. **In re Wilson**, 879 A.2d 199, 215 (Pa. Super. 2005). An appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters. **Commonwealth v. Michaliga**, 947 A.2d 786, 791-92 (Pa. Super. 2008).

A District Attorney's decision not to prosecute a criminal complaint for policy reasons carries a presumption of good faith and soundness. **Id.** at 792. To challenge that decision before the trial court, a complainant must

---

[2] Appellant set forth three "Questions for the Court," but provided only two argument sections with headings. He nonetheless addressed his third Question within the discussion of his first and second Questions. The briefing requirements of our rules of appellate procedure require that the "argument shall be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Generally, issues raised in a Statement of Questions Involved but not developed in the Brief's argument section will be deemed waived. **Harkins v. Calumet Realty Co.**, 614 A.2d 699, 703 (Pa. Super. 1992). Although Appellant did not provide a separate argument section for his third issue, because he addressed it in the context of his first two issues, we will not deem it waived.

show that the District Attorney's decision amounted to bad faith, fraud, or unconstitutionality. ***In re Private Criminal Complaint of Rafferty***, 969 A.2d 578, 581-82 (Pa. Super. 2009). Specifically, he must show that the facts of the case lead only to the conclusion that the District Attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest. ***Michaliga***, 947 A.2d at 792.

In the instant case, the letter the District Attorney sent to Appellant denying his Private Criminal Complaint included a copy of the Sentencing Order which sentenced Appellant to 15 to 30 years of imprisonment pursuant to his guilty plea to three counts of Rape under Section 3121(a)(6). Appellant argues that because Section 3121(a)(6) was repealed prior to his sentencing, this Sentencing Order is invalid and his detention is, therefore, illegal.

Appellant has raised this same argument multiple times in his unsuccessful PCRA filings. ***See*** Slip. Op., ***supra*** at 3-4. In attacking his sentence through the instant vehicle, Appellant is attempting to circumvent the PCRA time-bar and the law of the case. ***See, e.g., Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*"). ***See also Commonwealth v. Starr***, 664 A.2d 1326, 1333 (Pa. 1995) (recognizing that Pennsylvania's well-established Law of the Case

Doctrine bars a judge from revisiting rulings previously decided by another judge of the same court).

Moreover, Appellant's argument is without merit.

[E]ven though a statute is repealed, if some or all of its provisions are reenacted so that the conduct prohibited in the first statute remains censured by the re-enactment, there is nothing which interferes with the power of the State to prosecute the matter without interruption.

*In Re Dandridge*, 337 A.2d 885, 889 (Pa. 1975). *See also Commonwealth v. Beattie*, 93 Pa. Super. 404, 412 (Pa. Super. 1928) ("The prevailing view is that even where a statute is expressly repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal and the provisions of the repealed act which are thus re-enacted continue in force without interruption so that all rights and liabilities that have accrued thereunder are preserved and may be enforced").

In the instant case, Act 162 repealed 18 Pa.C.S. § 3121(a)(6) while simultaneously re-enacting its prohibitions at 18 Pa.C.S. § 3121(c). This is a mere change in form but not substance. Appellant's conviction and sentence were not affected by this renumbering. Accordingly, Appellant's claim that he is being held subject to an illegal sentencing order is without merit. *See Dandridge, supra*. As a result, his claims against Superintendent Kerestes are without merit.

Appellant relies on ***Commonwealth v. Bangs***, 393 A.2d 720 (Pa. Super. 1978), and ***Bell v. Maryland***, 378 U.S. 226 (1964), for the proposition that the Commonwealth may not continue to detain him under a statute that was repealed before final judgment was entered. In ***Bangs***, the statute at issue lowered the applicable statutory rape age of consent from 16 years of age to 14 years of age. ***Bangs,*** 393 A.2d at 722. At the time the statute was changed, the defendant was awaiting trial on charges that he had sexual contact with a 14-year-old child. ***Id.*** At the time of the alleged acts, the victim was considered incapable of consent, but under the amended statute the defendant's conduct no longer fell within the definition of statutory rape. Under the circumstances of that case, our Supreme Court held that the Commonwealth was without authority to continue the defendant's prosecution under the now-repealed statute. ***Id.*** at 722.

In ***Bell***, the criminal trespass statute under which the defendants were convicted was abolished while the case was pending on appeal and their convictions were overturned. ***Bell***, 378 U.S. at 228. In neither ***Bell*** nor ***Bangs*** was the substantive portion of the repealed statute simultaneously re-enacted. Appellant's reliance is, thus, misplaced.

Our review of the record reflects that, contrary to Appellant's contention, the District Attorney did investigate Appellant's complaint prior to denying it by, *inter alia*, obtaining a copy of Appellant's valid sentencing order. Based on the foregoing, we discern no merit to Appellant's issues.

Superintendent Kerestes has continuing legal authority to detain Appellant, and the trial court did not abuse its discretion in denying Appellant's Petition for Review.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2016