J-A10015-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL DAVID GAUGHAN | : | |
| | : | |
| Appellee | : | No. 2463 EDA 2017 |

Appeal from the Order June 30, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002489-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JULY 03, 2018**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Monroe County Court of Common Pleas, which granted in part the petition for a writ of *habeas corpus*, filed on behalf of Appellee, Daniel David Gaughan, and dismissed all the counts with a *mens rea* of recklessness or gross negligence,[1] arising from a multiple motor vehicle accident, for failure to present a *prima facie* case on those counts.[2] We affirm.

The trial court opinion sets forth the relevant facts of this case as

_____

[1] ***See Commonwealth v. Huggins***, 575 Pa. 395, 836 A.2d 862 (2003) (stating generally that *mens rea* of recklessness and gross negligence in criminal context are fundamentally equivalent).

[2] Pursuant to Pa.R.A.P. 311(d), the Commonwealth has certified in its notice of appeal that the trial court's order substantially handicapped or terminated the prosecution of the Commonwealth's case against Appellee. Accordingly, this appeal is properly before us for review.

_____

* Retired Senior Judge assigned to the Superior Court.

follows:

> As a result of a fatal automobile accident in which two persons were killed and three others injured, [Appellee] was arrested and charged with two counts of Homicide by Vehicle, 75 Pa.C.S.A. § 3732; two counts of Involuntary Manslaughter, 18 Pa.C.S.A. § 250[4](a); four counts of Aggravated Assault by Vehicle 75 Pa.C.S.A. § 3732.1 (A), five counts of Recklessly Endangering Another Person ("REAP"), 18 Pa.C.S.A. § 2705; and several traffic offenses including Reckless Driving, 75 Pa.C.S.A. § 3736(a), Careless Driving, 75 Pa.C.S.A. § 3714(a); Traffic Control Signals, 75 Pa.C.S.A. § 3112(A)(3)(i); Following too Closely, 75 Pa.C.S.A. § 3310(A); and Driving at a Safe Speed, 75 Pa.C.S.A. § 3361. [Appellee] waived his right to a preliminary hearing and the charges were bound to court. Subsequently, [Appellee] filed an omnibus motion which included a petition for *habeas corpus* relief seeking dismissal of all charges.
>
> At [the] hearing on [Appellee]'s motion, the Commonwealth presented the testimony of Stroud Area Regional Police Department officer Kenneth Palmer, who qualified as an expert in accident reconstruction, and submitted several exhibits, including Officer Palmer's accident reconstruction report, his certifications, and an autopsy report and death certificate for the decedents. [Appellee] did not present evidence. The record was left open for the Commonwealth to submit medical evidence regarding the victims referenced in Counts 5 and 6. No additional evidence was submitted. Both parties asked for and were granted leave to file briefs. [Appellee] submitted a brief; the Commonwealth did not.
>
> Based on the record presented by the parties, the relevant facts, summarized in light of the applicable standards, are as follows:
>
> > On October 13, 2014, at approximately 9:43 a.m., [Appellee] was driving a Volvo tractor trailer, without cargo, south on State Route 209 in Stroud Township, Monroe County toward the intersection of Route 209 and Schafers Schoolhouse Road. At that time, there were no adverse road, weather, or lighting conditions, the roadway was dry, and it was daylight.

- 2 -

Route 209 is a four lane road, with two southbound and two northbound lanes of travel. At the intersection, there is additionally a left turn lane. Traveling south, site distance to the intersection is extensive and unobstructed.

The intersection is controlled by a traffic signal. As [Appellee] approached, the signal was red. When a Honda Civic travelling south in front of [Appellee] slowed for the red light, [Appellee]'s tractor trailer rear-ended the car. The Civic was spun off the road and then back into the southbound travel lane where it was again struck by [Appellee]'s tractor trailer. The tractor trailer continued through the intersection and collided with a pickup. Tragically, the two backseat passengers in the Civic were killed, and the driver and passenger were injured. The driver of the pickup was also injured.

Officer Palmer responded to the scene, conducted an investigation, and prepared a report. Officer Palmer's investigation revealed that the collision occurred as summarized above. In addition, there were no pre-impact skid marks. A review of the tractor trailer's Electronic Control Module, or "black box," revealed that [Appellee] did not brake until one-quarter to one-half of a second before impact and that prior to impact, [Appellee] was travelling 53 miles per hour, two miles less than the posted speed limit. Inspection of the Civic and pickup revealed that there were no mechanical failures relating to either vehicle that contributed to the accident. Similarly, inspection of the tractor trailer did not reveal any mechanical failures that caused or contributed to the accident, although the airbrakes could not properly be checked because the brake lines could not be activated.

On completion of his investigation, Officer Palmer issued a report that included six conclusions regarding the incident. He testified about his conclusions during the hearing. The first conclusion is that environmental and roadway factors did not contribute to the collision. The second and third conclusions determined the Civic

and pickup did not have any pre-collision defects that contributed to the collision. The fourth conclusion has three subparts: a) one-half of a second before impact the tractor trailer was moving at 53 MPH with no braking; b) one-quarter of a second before impact the tractor trailer was moving at 53 MPH with the service brake applied; and c) at first impact, the tractor trailer was moving at 43 MPH with the service brake applied. The fifth and sixth conclusions state that the two decedents died as a result of blunt force trauma sustained in the collision, that the three other victims were…injured as a result of the collision, and that the collision occurred because [Appellee] "failed to react to approaching traffic conditions."

Neither alcohol nor controlled substances played a part in the tragedy. An evaluation of [Appellee]'s cell phone to determine whether he had been using it at the time of the accident was inconclusive. No evidence was presented as to observations or statements of eye witnesses, if any, the manner in which [Appellee] was driving before the accident, his prior activities, his physical, mental or emotional condition, how long he had been driving that day or that week, or his driver's log book.

After hearing the evidence and reviewing [Appellee]'s brief and the applicable law, we issued the challenged order which, as noted, dismissed all offenses that carry a *mens rea* of recklessness. We did not dismiss the remaining summary traffic offenses because the Commonwealth had unquestionably established a *prima facie* case of those charges.

1. [Appellee's] Motion for *Habeas Corpus* Relief is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to the counts 1 through 13 and 18, all of which charge crimes that require a *mens rea* of recklessness. The motion is **DENIED** as to counts 14 through 17, all of which charge crimes that do not require a *mens rea* of recklessness….

In broad summary, the Commonwealth failed to demonstrate in the evidence on record that

- 4 -

> [Appellee's] failure to recognize the traffic ahead of him arose from any affirmative conduct, as opposed to inadvertence or inattentiveness. While the evidence presented to the [c]ourt was sufficient to demonstrate carelessness or negligence, it did not present a basis to conclude [Appellee] was engaging in any conduct that would elevate his culpability to a conscious disregard of a substantial risk to reach the requisite level of recklessness. In this regard, the Commonwealth did not file a brief to discuss the element of *mens rea* or point to facts which, under the law, established a *prima facie* case of recklessness.
>
> (Order, dated June 30, 2017, ¶1). [Appellee] has not challenged our denial of his motion as to the summary traffic offenses. The Commonwealth filed this appeal.

(Trial Court Opinion, filed September 11, 2017, at 2-5) (internal footnotes and citations omitted). The trial court did ordered the Commonwealth on July 31, 2017, to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b). The Commonwealth timely complied on August 11, 2017.

The Commonwealth raises the following issue on appeal:

> DID THE COMMONWEALTH PRESENT SUFFICIENT EVIDENCE OF RECKLESSNESS OR GROSS NEGLIGENCE TO SUSTAIN THE NECESSARY *PRIMA FACIE* BURDEN AT A *HABEAS CORPUS* PROCEEDING WITH REGARD TO THE CHARGES OF HOMICIDE BY VEHICLE, AGGRAVATED ASSAULT BY VEHICLE, INVOLUNTARY MANSLAUGHTER, RECKLESSLY ENDANGERING ANOTHER PERSON, AND RECKLESS DRIVING?

(Commonwealth's Brief at 3).

The Commonwealth argues Appellee drove his tractor-trailer on a major roadway, at an unsafe speed of 53 mph, failed to apply his brakes until a quarter of a second before striking the first vehicle twice, failed to stop at a

red light, and struck a second vehicle. The roadway is straight and flat for approximately a half-mile, with an unobstructed view of the red traffic signal and of warning lights indicating the presence of a red traffic signal. The Commonwealth submits this circumstantial evidence established a *prima facie* case as to recklessness or gross negligence, for counts one through thirteen and count eighteen. The Commonwealth concludes this Court should reverse the order dismissing the charges at issue and reinstate them. We disagree.

We emphasize that a pre-trial *habeas* decision is not subject to an abuse of discretion standard. **Commonwealth v. Karetny**, 583 Pa. 514, 880 A.2d 505 (2005). A pre-trial *habeas* decision on the Commonwealth's *prima facie* case for a charged crime is a question of law subject to plenary review. **Commonwealth v. Dantzler,** 135 A.3d 1109, 1112 (Pa.Super. 2016) (*en banc*) (citing **Karetny, supra**).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jonathan Mark, we conclude the Commonwealth's issue merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (**See** Trial Court Opinion at pages 6-13) (finding: record shows Commonwealth failed to demonstrate accident occurred from any affirmative conduct of Appellee, as opposed to his inattentiveness; Commonwealth presented evidence sufficient to demonstrate negligence, but it did not present any basis to conclude Appellee engaged in conduct to elevate his culpability to conscious

- 6 -

disregard of substantial risk to reach requisite *mens rea* of recklessness; Commonwealth's case is that fatal accident occurred because Appellee simply did not appreciate slowing traffic before him in his travel lane, which absent more, is insufficient to carry charges requiring *mens rea* of recklessness; Commonwealth failed to create jury question involving Appellee's activities, state of mind, health, physical condition, or fitness to drive; Commonwealth's evidence perhaps established negligence or carelessness or momentary inattentiveness but not enough to raise permissible inference of recklessness; despite tragic nature of this case, record does not support *mens rea* for contested charges).  We agree.

Further, we reject the Commonwealth's reliance on **Commonwealth v. Grimes**, 842 A.2d 432 (Pa.Super. 2004) and **Commonwealth v. Seibert**, 799 A.2d 54 (Pa.Super. 2002), as those cases are both procedurally and substantively inapposite.  Here, the **Commonwealth** is appealing from a pre-trial *habeas corpus* decision.  The cases the Commonwealth cites involved the defendants' appeals following jury verdicts.  Moreover, the facts of the **Grimes** and **Seibert** cases included additional relevant factors which established the *mens rea* of recklessness.  For example, in **Grimes**, the evidence showed the defendant had weaved all over the roadway and repeatedly swerved into oncoming traffic an estimated ten to twenty times, failed to apply his brakes, and made no attempt to avoid hitting the victim's car.  In **Seibert**, the evidence showed the defendant drove into oncoming traffic and struck a

tractor-trailer head-on. Here, the record is devoid of similar additional factors to support the inference of recklessness. Any suggestion that a motor vehicle code violation, without more, is a form of "recklessness *per se*" is contrary to case law. ***See Commonwealth v. Bullick***, 830 A.2d 988, 1003-04 (Pa.Super. 2003) (stating: "What is material is actual reckless driving or conduct…for it is this conduct which creates the peril in question").

Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judge McLaughlin joins this memorandum.

Judge Ransom did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/18

## COURT OF COMMON PLEAS OF MONROE COUNTY
## FORTY-THIRD JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :

                          : **No. 2489 CRIMINAL 2016**

     v.                  :

                          : **Appeal Docket No. EDA 2017**

                          :

**DANIEL DAVID GAUGHAN**     :

                          :

     **Defendant**           :

                          :

## OPINION IN SUPORT OF ORDER PURSUANT TO Pa. R.A.P. 1925(a)

### Introduction

On June 30, 2017, we issued an order granting in part Defendant's motion for *habeas corpus* relief by dismissing all charges that carry a *mens rea* of recklessness.[1] The order provided a broad summary of the reasons for our ruling and indicated that an opinion would follow. Before the opinion was issued, the Commonwealth filed this appeal. As a result, we issued an order directing the Commonwealth to file a statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b) and held off filing this opinion so that we could at once state the reasons for our order and address issues raised by the Commonwealth. The Commonwealth filed a Rule 1925(b) statement.[2] We now file this opinion in accordance with Pa.R.A.P. 1925(a) and our Order.

---

[1] Defendant's *habeas* motion was part of an omnibus pretrial motion which included other requests for relief that were resolved during the omnibus hearing and addressed in an earlier order dated February 27, 2017. Neither party has challenged the rulings pertaining to Defendant's other requests for relief and those rulings are not at issue in this appeal.

[2] In its Rule 1925(b) Statement, the Commonwealth reserved the right to address additional issues because its statement was filed before this opinion. We do not believe that a party may unilaterally reserve the right to file a supplemental appeal statement. Nonetheless, fairness dictates that the Commonwealth be given the opportunity to supplement its statement with new issues after it receives this opinion and has the opportunity to review our reasoning. If such a request is timely filed, we will grant it.

1

## Background

As a result of a fatal automobile accident in which two persons were killed and three others injured, Defendant was arrested and charged with two counts of Homicide by Vehicle , 75 Pa.C.S.A. §3732; two counts of Involuntary Manslaughter, 18 Pa.C.S.A. § 2505(a); four counts of Aggravated Assault by Vehicle 75 Pa.C.S.A. §3732.1(A), five counts of Recklessly Endangering Another Person ("REAP"), 18 Pa.C.S.A. § 2705; and several traffic offenses including Reckless Driving, 75 Pa.C.S.A. § 3736(a), Careless Driving, 75 Pa.C.S.A. § 3714(a); Traffic Control Signals, 75 Pa.C.S. §3112(A)(3)(I); Following too Closely, 75 Pa.C.S. §3310(A); and Driving at a Safe Speed , 75 Pa.C.S. §3361.   Defendant waived his right to a preliminary hearing and the charges were bound to court.  Subsequently, Defendant filed an omnibus motion which included a petition for *habeas corpus* relief seeking dismissal of all charges.

At hearing on Defendant's motion, the Commonwealth presented the testimony of Stroud Area Regional Police Department officer Kenneth Palmer, who qualified as an expert in accident reconstruction, and submitted several exhibits, including Officer Palmer's accident reconstruction report, his certifications, and an autopsy report and death certificate for the decedents. Defendant did not present evidence. The record was left open for the Commonwealth to submit medical evidence regarding the victims referenced in Counts 5 and 6. No additional evidence was submitted. Both parties asked for and were granted leave to file briefs. (N.T., 2/27/2017, pp. 62-63; Order dated 2/27/2017). Defendant submitted a brief; the Commonwealth did not.

Based on the record presented by the parties, the relevant facts, summarized in light of the applicable standards, are as follows:

2

On October 13, 2014, at approximately 9:43 a.m., Defendant was driving a Volvo tractor trailer, without cargo, south on State Route 209 in Stroud Township, Monroe County toward the intersection of Route 209 and Schafers Schoolhouse Road. At that time, there were no adverse road, weather, or lighting conditions, the roadway was dry, and it was daylight.

Route 209 is a four lane road, with two southbound and two northbound lanes of travel. At the intersection, there is additionally a left turn lane. Traveling south, site distance to the intersection is extensive and unobstructed.

The intersection is controlled by a traffic signal. As Defendant approached, the signal was red. When a Honda Civic travelling south in front of Defendant slowed for the red light, Defendant's tractor trailer rear-ended the car. The Civic was spun off the road and then back into the southbound travel lane where it was again struck by Defendant's tractor trailer. The tractor trailer continued through the intersection and collided with a pickup. Tragically, the two backseat passengers in the Civic were killed and the driver and passenger were injured. The driver of the pickup was also injured. (N.T. 2/27/2017, pp.39-42; Commonwealth's Exhibit 2, Accident Reconstruction Report, pp. 4-5 and 22; Affidavit of Probable Cause).

Officer Palmer responded to the scene, conducted an investigation, and prepared a report. (N.T., 2/27/2017, Commonwealth's Exhibit 2). Officer Palmer's investigation revealed that the collision occurred as summarized above. In addition, there were no pre-impact skid marks. A review of the tractor trailer's Electronic Control Module, or "black box," revealed that Defendant did not brake until one-quarter to one-half of a second before impact and that prior to impact, Defendant was travelling 53

3

miles per hour, two miles less than the posted speed limit. (N.T. 02/27/17, p. 53). Inspection of the Civic and pickup revealed that there were no mechanical failures relating to either vehicle that contributed to the accident. Similarly, inspection of the tractor trailer did not reveal any mechanical failures that caused or contributed to the accident, although the airbrakes could not properly be checked because the brake lines could not be activated.[3]

On completion of his investigation, Officer Palmer issued a report that included six conclusions regarding the incident. He testified about his conclusions during the hearing. The first conclusion is that environmental and roadway factors did not contribute to the collision. The second and third conclusions determined the Civic and pickup did not have any pre-collision defects that contributed to the collision. The fourth conclusion has three subparts: a) one-half of a second before impact the tractor trailer was moving at 53 MPH with no braking; b) one-quarter of a second before impact the tractor trailer was moving at 53 MPH with the service brake applied; and c) at first impact, the tractor trailer was moving at 43 MPH with the service brake applied. The fifth and sixth conclusions state that the two decedents died as a result of blunt force trauma sustained in the collision, that the three other victims were in injured as a result of the collision, and that the collision occurred because Defendant "failed to react to approaching traffic conditions." (N.T., 2/27/2017, pp. 34-43; Commonwealth's Exhibit 2, p. 24 (unnumbered)).

Neither alcohol nor controlled substances played a part in the tragedy. (N.T. 02/27/2017, p. 54). An evaluation of Defendant's cell phone to determine whether he

---

[3] The owner of the tractor trailer, or possibly its insurer, also performed an investigation. As of the date of the omnibus hearing, the Commonwealth did not have the report. (N.T., 2/27/2-17, pp 5 and 64-65).

had been using it at the time of the accident was inconclusive. (*Id.*). No evidence was presented as to observations or statements of eye witnesses, if any, the manner in which Defendant was driving before the accident, his prior activities, his physical, mental or e motional condition, how long he had been driving that day or that week, or his driver's log book.

After hearing the evidence and reviewing Defendant's brief and the applicable law, we issued the challenged order which, as noted, dismissed all offenses that carry a *mens rea* of recklessness. We did not dismiss the remaining summary traffic offenses because the Commonwealth had unquestionably established a *prima facie* case of those charges. The order stated, in relevant part, that:

> 1. Defendant's Motion for *Habeas Corpus* Relief is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to the counts 1 through 13 and 18, all of which charge crimes that require a *mens rea* of recklessness. The motion is **DENIED** as to counts 14 through 17, all of which charge crimes that do not require a *mens rea* of recklessness....
>
> In broad summary, the Commonwealth failed to demonstrate in the evidence on record that Defendant's failure to recognize the traffic ahead of him arose from any affirmative conduct, as opposed to inadvertence or inattentiveness. While the evidence presented to the Court was sufficient to demonstrate carelessness or negligence, it did not present a basis to conclude the Defendant was engaging in any conduct that would elevate his culpability to a conscious disregard of a substantial risk to reach the requisite level of recklessness. In this regard, the Commonwealth did not file a brief to discuss the element of *mens rea* or point to facts which, under the law, established a *prima facie* case of recklessness.

(Order dated June 30, 2017, ¶1). Defendant has not challenged our denial of his motion as to the summary traffic offenses. The Commonwealth filed this appeal.

5

## DISCUSSION

In its Rule 1925(b) statement, the Commonwealth provides a broad summary of the events leading up to the collision, reiterates Officer Palmer's conclusions, and asserts that the evidenced presented was sufficient to establish a *prima facie* case of the crimes charged. We disagree.

Where a criminal defendant seeks pre-trial to challenge the *prima facie* sufficiency of the Commonwealth's evidence, he may do so by filing a writ of *habeas corpus* with the Court of Common Pleas. *Commonwealth v. Carmody*, 799 A.2d 143, 146 (Pa. Super. 2002), citing *Commonwealth v. McBride*, 595 A.2d 589, 590 n. 2 (Pa. 1995). In such instances, the *habeas* court acts in the capacity of a reviewing court to assess whether sufficient evidence exists to require the defendant to be brought to trial. *Id.* at 146-47. During the pre-trial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove a defendant's guilt beyond a reasonable doubt. Rather, the burden is on the Commonwealth to put forth merely a *prima facie* case of a defendant's guilt. *Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003). Thus, a petition for writ of *habeas corpus* is the proper means to test a pre-trial finding that the Commonwealth possesses sufficient evidence to establish a prima facie case that a defendant committed the crimes with which he is charged. See *Commonwealth v. Saunders*, 746, 691 A.2d 946, 948 (Pa. Super. 1997); *Commonwealth v. Rachau*, 670 A.2d 731, 734 (Pa. Cmwlth. 1996); *Commonwealth v. Kowalek*, 647 A.2d 948, 949 (Pa. Super. 1994).

In order to satisfy its burden of establishing a *prima facie* case, the Commonwealth need only produce legally competent evidence that demonstrates the

6

existence of each of the material elements of the crimes charged, and the existence of facts connecting the accused to the crimes charged. *Commonwealth v. Wojdak*, 466 A.2d 991, 996 (Pa. 1983). The absence of evidence as to the existence of a material element is therefore fatal. *Commonwealth v. Ludwig*, 874 A.2d 623, 632 (Pa. 2005), citing *Commonwealth v. Wojdak*, 466 A.2d 991, 996-97 (Pa. 1983). The proof need only be such that, if the evidence were presented at the trial court and accepted as true, the judge would be warranted in allowing the case to go to the jury. Id. at 368, 466 A.2d at 996, quoting *Commonwealth ex rel. Scolio v. Hess*, 27 A. 2d 705, 707 (Pa. Super. 1942). Finally, "inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth." *Huggins*, 836 A.2d at 866.

The issue presented in this matter is whether the Commonwealth made out a *prima facie* case for the *mens rea* (recklessness) necessary to support the charges of Homicide by Vehicle, Aggravated Assault by Vehicle, Involuntary Manslaughter, REAP, and Reckless Driving (collectively the "Contested Charges"). For reasons stated in our June 30, 2017 order, as amplified below, we found that it did not. Upon review prompted by this appeal, we remain convinced that, on the record presented, our conclusion is correct.

The Contested Charges are defined as follows:

75 Pa.C.S.A. § 3732 - Homicide by Vehicle

Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or

7

controlled substance) is guilty of homicide by vehicle, a felony of the third degree when the violation is the cause of death.

75 Pa.C.S.A. § 3732.1 – Aggravated Assault by Vehicle

Any person who recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

18 Pa.C.S.A. § 2504 - Involuntary Manslaughter

A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person.

18 Pa.C.S.A. § 2705 - Recklessly Endangering Another Person

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

75 Pa.C.S.A. § 3736(a) - Reckless Driving

Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

Over the years, the elements of the Contested Charges, including the requisite levels of culpability necessary to sustain the charges, have undergone changes. While the elements and the language used to describe the required *mens rea* still differ between the offenses, it is, at present, clear that all of the Contested Charges require that the defendant act in a reckless manner as defined in 18 Pa.C.S.A Section 302(b)(3). *See Huggins, supra* (involuntary manslaughter); *Commonwealth v. Grimes,* 842 A.2d 432, 434 (Pa. Super. 2004) (homicide by vehicle); *Commonwealth v. Bullock,*

8

830 A.2d 998, 1002 (Pa. Super. 2003) (willful and wanton level of culpability required for conviction for reckless driving is interpreted identically to recklessness as defined in 18 Pa.C.S.A Section 302(b)(3)); *Commonwealth v. Mastromatteo*, 719 A.2d 1081, 1083-84 (Pa. Super. 1998) (REAP). In addition, the terms "gross negligence" and "reckless," used in both the Involuntary Manslaughter and Homicide by Vehicle provisions, have been construed by our Supreme Court as defining the same state of mind. *See Huggins, supra; Commonwealth v. Comer*, 716 A.2d 593 (Pa. 1998); *Commonwealth v. Lobiondo*, 462 A.2d 662, 665 (Pa. 1983).

> Section 302 of the Crimes Code defines recklessness as follows:
>
> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302(b)(3). Conscious disregard of a risk requires that a defendant first becomes aware of the risk and then chooses to proceed in spite of it. *Huggins*, 836 A.2d at 865. To determine whether the Commonwealth presented *prima facie* evidence that a defendant has acted in a reckless manner, a court must look at all the circumstances that reveal whether or not a defendant consciously disregarded a material element of the relevant offense. (*Id.*). *See also* 18 Pa.C.S.A. § 302(b)(3). Simple negligence, or even "criminal negligence" as defined in Section 302(b)(4) of the Crimes Code, is insufficient to establish the requisite state of mind or level of culpability for the contested charges. *See Huggins, supra.* Along the same lines, not every violation of the vehicle code or careless act on the highway will render an operator criminally liable for deaths

9

which may result. *See Commonwealth v. Heck*, 491 A.2d 212 (Pa. Super. 1985); *Commonwealth v. Trainor*, 381 A.2d 944, 946-47 (Pa. Super. 1977). Similarly, not every violation of the vehicle code elevates a traffic offense to the category or recklessness. *See Comomnwealth v. Greenberg*, 885 A.2d 1025, 1026 (Pa. Super. 2005) (by itself, driving "too fast to negotiate a curve in the road or, alternatively, fail[ing] to sufficiently reduce [one's] speed to negotiate that curve...does not rise to the level of recklessness that is the hallmark of the offense of reckless driving").

In sum, the cited cases teach that an act of inattentiveness, carelessness, or negligence, even criminal negligence in the statutory meaning of that term, is not enough to establish recklessness. Instead, the defendant must be shown to have consciously disregarded a known risk. The oft-cited case of *Huggins, supra.*, illustrates these principles.

In *Huggins*, the defendant was driving a 15 passenger van filled with 24 occupants, 21 of whom were unrestrained children. Some of the children were sitting on the floor. While driving at least 23 miles per hour over the posted speed limit, the defendant fell asleep, crossed the center line of the road, struck another vehicle, and then rolled over. Tragically, two of the minors in the van died as a result of the accident. Other occupants were injured. The defendant was charged with multiple counts of Aggravated Assault, two counts of Involuntary Manslaughter, two counts of Homicide by Vehicle, multiple counts of REAP, and various traffic offenses. This Court and the Superior Court determined that the Commonwealth had failed to establish a *prima facie* case of the required *mens rea* – recklessness or gross negligence -- to sustain the involuntary manslaughter charge. The focus to some extent in the lower courts was

10

whether the act of falling asleep, which uncontestably constituted carelessness or negligence, rose to the level of recklessness. On appeal, the Supreme Court reversed.

The Supreme Court first reviewed and explained the law summarized above. The Court reiterated that recklessness was required. The Court noted that falling asleep while driving might be probative of recklessness, but declined to determine whether the act of falling asleep, by itself, raises a jury question of recklessness. The Court saw no need to answer this question because there were other facts which, viewed together, demonstrated the requisite conscious disregard of a known risk. Specifically, the Supreme Court held that under the totality of the circumstances – falling asleep while speeding with an overloaded van full of unrestrained children – the defendant's actions constituted recklessness as defined in Section 302(b)(3) of the Crimes Code. *See also Commonwealth v. Pedota*, 64 A.3d 634 (Pa. Super. 2013) (for Homicide by Vehicle and Involuntary Manslaughter, a driver's falling asleep while operating a tractor trailer on an interstate constitutes recklessness, unless the driver can show that he was deprived of both the warning signs of sleep and the opportunity to bring the vehicle to a stop before the onset of sleep).

In this case, as indicated in the order under appeal, the Commonwealth failed to demonstrate in the evidence on record that Defendant's failure to recognize the traffic ahead of him arose from any affirmative conduct, as opposed to inadvertence or inattentiveness. While the evidence presented by the Commonwealth was without doubt sufficient to demonstrate carelessness or negligence, it did not present a basis to conclude the Defendant was engaging in any conduct that would elevate his culpability to a conscious disregard of a substantial risk so as to reach the requisite level of

11

recklessness. In addition, the Commonwealth has to date not provided any legal support for its position.

The Commonwealth's entire case is that this fatal motor vehicle accident occurred when, for factually unexplained reasons, Defendant failed to recognize the slowing traffic in the travel lane in front of him and some traditional non-criminal causes (i.e., weather, mechanical defects in the vehicles, defects in the road, or obstructed sight distance or visibility) have been ruled out. Under the law cited above, this is not enough to sustain the charges that carry a *mens rea* of recklessness.

In this regard, the Commonwealth did not present evidence of the type that has traditionally been deemed sufficient to raise a jury question regarding recklessness. Defendant was not intoxicated, by drugs or alcohol, at the time of the accident. He was not speeding; in fact, evidence indicates that he was driving just under the speed limit. There is no evidence of Defendant's activities, state of mind or health, or physical condition prior to the accident, and there is not even a suggestion that he was not fit to drive. Similarly, there is no evidence that Defendant was driving erratically, was consistently inattentive on the road, or that he violated regulations regarding the number of hours he drove on the day or during the week of the collision or the amount of rest he was required to have. Further, there is no claim that Defendant, like the defendants in *Huggins* and *Pedota*, fell asleep.

Simply, the evidence established negligence, carelessness, and inattentiveness. However, neither negligence nor the mere occurrence of an accident, even a fatal accident, without more, is enough under the current law to establish or raise a permissible inference of recklessness sufficient to support the Contested Charges.

12

In sum, despite the tragic nature of this case, on the record presented we were constrained to hold that the Commonwealth failed to establish the requisite *mens rea* for the Contested Charges.

**BY THE COURT,**

DATE: 9/11/2017

JONATHAN MARK,          J.

Cc:  Superior Court of Pennsylvania
     Jonathan Mark, J.
     District Attorney (CR)
     Public Defender (CB)

Clerk of Courts
SEP 11 '17 PM 2:01