## Commonwealth of Pennsylvania *v.* Beattie, Appellant.

*Criminal law—Trial—Two indictments—One jury—Discretion of court—Evidence—Best evidence—Written report—Remarks of counsel—Prejudicial statements—Withdrawal of juror.*

On the trial before the same jury of two bills of indictment charging defendant with murder and driving an automobile while intoxi-

cated, the refusal to direct a verdict for defendant on the murder bill was not ground for a reversal of the sentence on the other bill as being prejudicial to the defense offered on the second indictment.

The propriety of trying a defendant on two or more bills of indictment charging separate and distinct crimes arising out of the same transaction before the same jury is a matter in which the trial court is vested with discretion, and the ruling of that court will not be reversed unless it appears that the rights of the defendant were prejudiced thereby.

The written report of a physician as to the intoxicated condition of defendant shortly after an accident is inadmissible as a substitute for his oral testimony or to corroborate it.

The best evidence rule requires that no evidence shall be received which is merely substitutionary in its nature so long as the original evidence can be had.

A remark made by a district attorney in the course of the trial that the judge who formerly tried the case said he had made a horrible mistake in admitting certain testimony is not sufficient reason for the withdrawal of a juror, where the court ordered the remark stricken from the record and instructed the jury it should have no influence in their deliberations.

*Operating motor vehicle while intoxicated—Repeal of statutes—Re-enactment—Act of June 14, 1923, P. L. 718—Act of May 11, 1927, P. L. 886.*

The repeal of a penal statute bars prosecution, or further prosecution, for violations of the statute committed before the repeal, if there is no saving clause in the statute, or no general statute providing that the repeal shall not effect prosecutions for offenses committed while the statute was in force. All proceedings which have not been determined by final judgment are wiped out by a repeal of the act under which the prosecution for the offense took place.

But where a statute is expressly repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal and the provisions of the repealed act which are thus re-enacted continue in force without interruption so that all rights and liabilities that have accrued thereunder are preserved and may be enforced.

The Vehicle Code of 1927 did not repeal the statutory provision that made the operation of a motor vehicle by a person while under the influence of intoxicating liquor a penal offense, but merely reduced the penalty for that crime.

Where the maximum penalty for driving a motor vehicle while intoxicated prescribed by the Act of 1923 was reduced by the Vehicle Code of 1927, the imposition of a penalty greater than allowed under the latter act, after the passage but before the effective date of that act, will not be sustained.

**406** COM. OF PENNA. *v.* BEATTIE, Appellant.

Statement of Facts—Opinion of the Court. [93 Pa. Superior Ct.

Argued March 14, 1928. Appeal No. 46, October T., 1928, by defendant from judgment and sentence of Q. S., Philadelphia County, December T., 1926, No. 925, in the case of Commonwealth of Pennsylvania v. William C. Beattie. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for murder and operating a motor vehicle while under the influence of intoxicating liquor. Before TERRY, P. J., 44th District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the judgment and sentence of the court.

*Wm. A. Gray,* for appellant.

*Lemuel B. Schofield,* 1st Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., April 16, 1928:

Defendant was tried on two bills of indictment at the same time, one charging him with murder and the other with operating a motor vehicle while under the influence of intoxicating liquor. He was acquitted on the murder bill and convicted and sentenced to a prison term for the other crime, and has brought this appeal. In order to determine whether some of the contentions of appellant's counsel are well taken, a brief statement of the facts and circumstances, which we may assume the jury found from the evidence, seems to be required.

About 9:30 o'clock on the evening of December 3, 1926, defendant in company with one, Conn, was driving

his automobile along Lansdowne Drive in Fairmount Park, Philadelphia. When about at the intersection of Micheau Avenue, where there is a curve in the highway, the car left the proper (south) side of the highway and ran diagonally over onto the left side thereof and struck, with great force, an automobile which was going west on the opposite (north) side of the highway, in which a child, Frances Zurn, was riding, the car being driven by her father. As a result of the collision she was killed. As defendant's car approached the Zurn car it was running at an undue speed estimated by Mr. Zurn at from forty to forty-five miles an hour. The defense offered was that Conn and not defendant was driving defendant's car, and that defendant was not at the time intoxicated, but the jury resolved these points against defendant. By the assignments of error six questions are presented for our consideration.

The first contention made is that error was committed in trying defendant on the two bills of indictment at the same time. We regard it as well settled in Pennsylvania that the propriety of trying a defendant on two or more bills of indictment charging separate and distinct crimes arising out of the same transaction before the same jury is a matter in which the trial court is invested with discretion and the ruling of that court will not be reversed unless it clearly appears that the rights of the defendant were prejudiced thereby. (Com. v. Faulknier, 89 Pa. Superior Ct. 454, and Com. v. Danaleczk 85 Pa. Superior Ct. 253.) Here the same evidence was admissible in support of each indictment and both charges were part of the same transaction. In our opinion defendant was not prejudiced by the procedure complained of and this complaint is without merit.

The second proposition urged upon us is that there was no evidence in the case to warrant a conviction of murder in the second degree and that despite the fact that defendant was acquitted on the murder bill,

he was prejudiced as to the defense which he offered on the other indictment by the refusal of the trial judge to affirm a point for the direction of a verdict of not guilty on the murder bill. As there was an acquittal on the murder bill, it is unnecessary for us to decide, and we do not decide, whether the evidence shows the ingredients of murder of the second degree. As aptly stated by Mr. Justice SCHAFFER in Com. v. Mayberry, 290 Pa. 195, 198, "if the evidence shows the ingredients of murder, the instrumentality of its commission is a matter of no consequence." If this defendant wantonly, recklessly and in disregard of consequences drove his car into the Zurn car and death resulted, we are not prepared to say that "a consciousness of peril or probable peril to human life was not to be imputed to defendant," (Shorter v. State, 147 Tenn. 355, 247 S. W. 985) which would establish the element of malice which is requisite in murder. (Com. v. Mayberry, supra.) But even though it be assumed that the element of malice was not established by the evidence and that it was error for the trial judge to refuse to instruct the jury that there could be no conviction on the murder bill, the argument of appellant's counsel has not convinced us that the submission to the jury of the murder bill was prejudicial to his client's defense on the minor charge. It is strenuously urged that if one is unjustly accused of murder he cannot be given a fair and impartial hearing before any tribunal on any disputed and doubtful question of fact in which he is concerned, and that this is especially true when he is being tried before the same jury for murder and for a lessor crime growing out of the same transaction. We are unwilling to assume that there is either such mental weakness or lack of intelligence or appreciation of duty in the average jury that the fact that a defendant is merely accused of, and on trial for, murder, although innocent, inevitably tends to effect his conviction on another charge. The propo-

sition under consideration could be made with equal force in any case in which a defendant has been tried for different offenses before the same jury at the same time, and there has been an acquittal on one bill and a conviction on the other. The contention that the submission of bills of indictment charging different crimes invited a compromise verdict could be made with equal effect by the Commonwealth. The argument is novel but not persuasive. The only authority cited to support it is Runyon v. State, 216 N. W. 656, a decision by the Supreme Court of Nebraska. In that case the defendant was tried on two bills of indictment, one charging murder and the other manslaughter. The jury acquitted him of murder and convicted him of manslaughter. It was held that as the elements of murder were not proved at the trial it was error to submit the murder indictment to the jury and that therefore, the defendant was entitled to a new trial on the other charge. We deem it sufficient to say that neither the reasoning nor the conclusion in that case impresses us. We decline to adopt such a rule which would result in condemning the well established practice in Pennsylvania, of trying a defendant on different bills of indictment at the same time.

It is urged that it was error to refuse to permit defendant to introduce in evidence the written report of the physician who examined defendant about two hours after the accident. This physician was regularly retained by the police authorities of Fairmount Park to examine operators of motor vehicles who are suspected of being under the influence of intoxicating liquor. He was called by defendant and was permitted by the trial judge to refer to, refresh his recollection by, and testify to the contents of this report. Therefore, the rejection of the document in no way injured defendant. The contention that the report was admissible under the "best evidence rule" cannot be sustained. The rule which requires that the best evidence of which the

case in its nature is susceptible shall be produced is designed to prevent the introduction of any evidence which, from the nature of the case, supposes that better evidence is in the possession of the public. It means that no evidence shall be received which is merely substitutionary in its nature, so long as the original evidence can be had. The best or primary evidence of defendant's condition on the night of the accident was the testimony of the witness. A report that he made at an earlier date was not competent corroborative proof.

When a witness for the Commonwealth was being cross-examined he was asked the following question in respect to the above mentioned physician's report: "The question is whether or not the report did not say he was sober. You have spoken about this report. Did the report say he was sober?" When the district attorney objected to the question, the court said: "The district attorney in opening his case to the jury said he was going to show the report to the doctor in this case. It has been alluded to several times here and I think upon a former occasion it was admitted." The district attorney then said: "Yes, and the trial judge said he made a horrible mistake." Counsel for defendant answered: "I want to say to your honor, and I say it with due deliberation, that the judge to whom Mr. Foley refers never publicly, on the record of the case, or in any way, said that he made a mistake, either horrible or otherwise, and if Mr. Foley makes that statement with regard to it, that such a thing was said publicly, he says what is not so. If he is simply saying what the judge said to him privately, of course, I do not know anything about that. I ask that that remark of Mr. Foley be stricken from the record." The court replied: "Well, strike that from the record, and I will say to the jury that that remark should have no influence whatever in your deliberations in this case." The court then overruled the objection. Where-

upon, counsel for defendant moved that a juror be withdrawn on account of Mr. Foley's remark. It is urged that the refusal of this motion amounts to reversible error. We do not so regard it. As already stated, the contents of the report went to the jury through the testimony of the person who made it. We are utterly unable to understand how defendant could be prejudiced by the mere statement of the Commonwealth's officer in the hearing of the jury that the judge before whom the case was tried on a former occasion made a "horrible mistake" in admitting the report itself in evidence. And then, the trial judge immediately warned the jury to disregard the remark. In our opinion the remark complained of does not fall within the class of remarks which the Supreme Court or this court have held to justify the withdrawal of a juror. We hold that it was wholly harmless to defendant.

Another contention is that the actions and attitude of the prosecuting officer during the trial were so prejudicial to the rights of defendant as to deprive him of a fair and impartial trial and that, therefore, a new trial should have been awarded. Numerous specific instances of the improprieties complained of have been pointed out. It is urged that while no one instance would require the granting of a new trial the cumulative effect of them do require it. Our careful examination of the record has failed to convince us that the conduct of the trial on behalf of the Commonwealth was such that it worked any substantial harm to the accused. We agree with the trial judge that he would not have been warranted in setting aside the verdict on this ground.

Lastly, it is contended that there was error in sentencing defendant to two years' imprisonment because section 23 of the Act of June 30, 1919, P. L. 678, 692, amended by the Act of June 14, 1923, P. L. 718, under which the sentence was imposed, was repealed, without

a saving clause, by the Act of May 11, 1927, P. L. 886, which by its terms went into effect on January 1, 1928, four days after impo'sition of sentence. It is conceded that as the Act of 1919, as amended, was still in force when sentence was imposed defendant could have been sentenced to imprisonment until January 1, 1928. It is urged that the case falls within the well established general rule that the repeal of a penal statute bars prosecution, or further prosecution, for violations of the statute committed before the repeal, if there is no saving clause in the statute, or no general statute providing that the repeal shall not affect prosecutions for offenses committed while the statute was in force. "It is well settled that all proceedings which have not been determined by final judgment, are wiped out by a repeal of the act under which the prosecution for the offense took place": Scranton City v. Rose, 60 Pa. Superior Ct. 458, 462. The repealed statute, in regard to its operative effect, is considered as if it had never existed except as to matters and prosecutions past and closed: 25 R. C. L. par. 183, p. 932. As supporting this doctrine see Com. v. Duane, 1 Binn. 601; Abbott v. Com., 8 Watts 517; Com. v. King, 1 Wharton 448; Genkinger v. Com., 32 Pa. 99; 16 C. J. 70, 71, 72. But there is a well understood exception to this rule. The prevailing view is that even where a statute is expressly repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal and the provisions of the repealed act which are thus re-enacted continue in force without interruption so that all rights and liabilities that have accrued thereunder are preserved and may be enforced: 25 R. C. L. par. 186, p. 934; Lewis' Sutherland Statutory Construction, 2nd Ed. Vol. 1, p. 445. Judge ENDLICH says at paragraph 490 of his work on the Interpretation of Statutes: "It seems, indeed, to be the general understanding that the re-enactment of an earlier statute is a continuance, not a repeal of the lat-

ter, even though the later act expressly repeals the earlier. ... ... and it (the principle) has been applied to criminal statutes so as to permit a conviction for an offense against the re-enacted old law, even where the re-enacting law undertook to repeal it; the re-enactment being construed a continuance.'' See State v. Gumber, 37 Wis. 298; State v. Wish, 15, Neb. 448; and 25 R. C. L. par. 186, p. 935. ''The repeal of a statute accompanied by a re-enactment of its terms, or of its substantial provisions in any other form of expression, does not break its continuity; and there is no moment when, whatever words of repeal are employed it can be said to be repealed'': Bishop on Statutory Crimes, Ed. 1901, par. 181, p. 99. The principle we have been discussing has been recognized and followed by our Supreme Ct. and this court. Mr. Chief Justice MITCHELL said in Haspel v. O'Brien, 218 Pa. 146: ''When an act expressly repeals a former one and at the same time re-enacts its exact provisions the intent is manifest that there shall be no change in the law. This is the general rule as shown by the numerous authorities cited by appellant, the effect of which is thus summed up in 26 A. M.&Ency. of Law (2d), 758, title 'Statutes' IX, 3, c: 'where a statute is repealed and its provisions are at the same time re-enacted by the repealing act, the effect according to the weight of authority, is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced.' '' See also Com. v. Belevsky, 79 Pa. Superior Ct. 12; Com. v. Dickinson, 57 Pa. Superior Ct. 380, and Com. v. Mort. Tr. Co., 227 Pa. 163. The question whether the statute was repealed is wholly one of legislative intent. It certainly cannot be seriously contended that when the legislature passed the Vehicle Code of 1927 it was intended that the offense of driving an automobile while under the influence of intoxicating liquor should cease to be a

crime, or that pending prosecutions for that offense should fall. The new statute is merely a codification of the former acts on the subject, which it repeals. The offense of which this defendant was charged was continued in the new act almost in ipsissimis verbis. From the time when the act under which defendant was prosecuted took effect until the present moment there was no interval when the operation of a motor vehicle by a person while under the influence of intoxicating liquor was not an indictable offense. For these reasons we are constrained to hold that the Vehicle Code of 1927 did not repeal the statutory provision that made the operation of a motor vehicle by a person while under the influence of intoxicating liquor a penal offense. It merely reduced the penalty for that crime. See our opinion filed by Judge Linn at this term in Com. v. McNamara, 93 Pa. Superior Ct. 267.

The question remaining, therefore, is whether the sentence to pay a fine of $300 and undergo imprisonment for two years, which was authorized by the earlier act, can be sustained when, by the terms of the Act of 1927, the maximum penalty for the offense is a fine of $200 and imprisonment for three months. The question is not without difficulty. It has been held that where a statute indicates very clearly that its provisions are to apply only to offenses thereafter committed, the effect is the same as that of a saving clause in the repealing act, or that of a general statute providing that the repeal shall not affect prosecution for offenses committed while the statute was in force: People v. Hiller, 113 Mich. 209, 71 N. W. 630, cited in 16 C. J. 71. But a saving clause, like other statutory provisions relating to criminal offenses, is construed strictly in favor of the defendant. We are not prepared to hold that the provision fixing the effective date the Act of 1927 as January 1, 1928, had the effect of a saving clause. While the offense of which de-

fendant was convicted continued, there was a reduction of the penalty, which amounts to a declaration by the law makers that they regarded the offense as less serious than therefore. The Commonwealth relinquished its right to inflict the penalty of the earlier act. Upon the same principle under which it is held that after the repeal of the statute under which one has been convicted judgment must be arrested in toto (Com. v. Duane, supra), even if an appeal is pending when the statute is repealed (16 C. J. 71, and cases there cited), we hold that the sentence complained of here may not exceed the penalty left in force by the Act of 1927. The fact that trial was had and sentence was imposed prior to the effective date of that act makes the sentence no better than though it had been imposed after that date. It would hardly be contended that the court below would have had the right to impose the sentence it did after January 1, 1928, although there was a conviction prior to that date. Until final judgment courts take judicial notice of the repeal or amendment of a statute under which a defendant has been convicted. Although it was not error for the court to impose a sentence prescribed by the Act of 1923, as the Act of 1927 was not in effect at that time, by imposing a sentence in excess of that provided by the latter act, it took the risk of having it set aside upon an appeal. The power of the appellate court to sustain the sentence is gone.

The assignment of error complaining of the sentence is sustained; all of the others are overruled; and it is ordered that the record be remitted with a procedendo, that the appellant may be sentenced according to law.