J-S49010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LLOYD ALVIN SWISHER, III | |
| Appellant | No. 2527 EDA 2015 |

Appeal from the PCRA Order July 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010663-2013

BEFORE: PANELLA, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 21, 2016**

Appellant, Lloyd Alvin Swisher, III, appeals from the PCRA order entered July 20, 2015, in the Court of Common Pleas of Philadelphia County, which denied his Post Conviction Relief Act Petition, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the history of this case as follows.

> On July 29, 2013, Appellant was arrested and charged with failure to comply with registration of sexual offender requirements, verify his address or photograph as required, and provide accurate information. Appellant entered into a negotiated guilty plea agreement at a pre-trial conference on October 29, 2013 in front of the Honorable Diana L. Anhalt. At that time, Appellant pled guilty and was convicted of failure to comply with registration of sexual offender requirements pursuant to 18 Pa.C.S. §[]4915, and the Commonwealth *nolle prossed* the remaining charges. On that date, Appellant was

---

[*] Former Justice specially assigned to the Superior Court.

sentenced to two to four years of state incarceration, followed by five years of probation. Appellant did not file a direct appeal. On May 13, 2014, Appellant filed a PCRA petition. Subsequently, Appellant's attorneys filed a Motion to Withdraw as Counsel, which was granted on October 14, 2014, and Appellant was appointed new counsel, Mr. Matthew J. Wolfe. Counsel filed amended PCRA petitions on March 13, 2015 and June 12, 2015, respectively. On June 15, 2015, a PCRA hearing was held…. At the hearing, the following was established:

In July of 2012, [the Sexual Offender Registration and Notification Act ("SORNA")] was established in Pennsylvania, which updated §[]4915 by creating §[]4915.1. N.T. 6/15/15 at 7. Section 4915.1 went into effect on December 20, 2012, and at that time §[]4915 expired. N.T. 6/15/15 at 7. Essentially, under both statutes, the crime in question is the same. N.T. 6/15/15 at 10. In 2013, Appellant was arrested for, charged with, and ultimately pled guilty to 18 Pa.C.S. §[]4915, not § 4915.1. [N.T.] 6/15/15 at 4. Likewise, the bills of information, the negotiated guilty plea form, Appellant's commitment paperwork, and the docket entries referenced §[]4915, not §[]4915.1. N.T. 6/15/15 at 5. However, there was never a dispute to what criminal behavior Appellant was being charged with. N.T. 6/15/15 at 7.

The [PCRA court] found that the use of §[]4915 and not §[]4915.1 was a patent clerical error subject to correction, finding that the parties involved understood what Appellant pled guilty to, but that no one caught the error. As a result, the [c]ourt dismissed Appellant's PCRA petition, and this appeal followed.

PCRA Court Opinion, 1/4/16 at 1-2.

Appellant raises just one issue for our review: "Can a defendant plead guilty and be held under a statute that does not constitute a crime?" Appellant's Brief at 7.

We review the lower court's denial of a PCRA petition as follows. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by

the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3).

Preliminarily, we note that the issue Appellant raises in his PCRA petition could have been raised on direct appeal. Section 9544(b) of the PCRA states that, "[f]or purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." Appellant could have raised his current allegation, that the Commonwealth charged him under an expired statute, in a pretrial application to quash the information, ***see*** Pa.R.Crim.P. 578, or on direct

appeal. He did not. Therefore, we are constrained to find that Appellant's issue is waived.[1] **See** 42 Pa.C.S. § 9544(b).

We note that even if we were not to find waiver, Appellant's claim would not merit relief. We are guided by this Court's recent decision in **Commonwealth v. Derhammer**, 134 A.3d 1066 (Pa. Super. 2016). There, the appellant was charged with and convicted of failure to comply with sexual offender registration requirements pursuant to 18 Pa.C.S.A. § 4915 under Megan's Law III. On appeal, this Court reversed Derhammer's judgment of sentence and remanded for a new trial because Derhammer had not been given an adequate colloquy regarding the waiver of his right to a jury trial. In the meantime, 18 Pa.C.S.A. § 4915 expired on December 20, 2012, and Megan's Law III was replaced by SORNA. On that date, section 4915 was replaced and ultimately re-enacted by 18 Pa.C.S.A. § 4915.1. Also during that time, the Pennsylvania Supreme Court decided **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013), in which the Court declared Act 152 of 2004, which included Megan's Law III and its registration and notification

---

[1] Although Appellant attempts to phrase his claim as a non-waivable challenge to the legality of his sentence, the claim actually implicates the validity of his underlying conviction. **See Commonwealth v. Spruill**, 80 A.3d 453, 462 (Pa. 2013) (finding appellant's claim did not implicate non-waivable illegal sentencing issue where evaluation of Appellant's underlying claim depended upon what offenses were charged and pursued, rather than a fatal problem with the sentence imposed).

requirements, unconstitutional in its entirety as a violation of the Pennsylvania Constitution's single subject rule.

Prior to retrial, Derhammer moved to dismiss on the basis that section 4915, under which he was charged, was unconstitutionally void and no longer existed pursuant to **Neiman**. The trial court denied Derhammer's motion and found him guilty. On appeal, this Court affirmed Derhammer's judgment of sentence and rejected the argument that **Neiman** voided the substantive crime for which Derhammer was convicted:

> [T]he repeal of a statute defining a criminal offense by a statute that re-enacts in substance the original offense does not interrupt the operation of the older offense. [**Commonwealth v. Beattie**, 93 Pa.Super. 404 (1928)]. Instantly, the General Assembly did not abolish the crime of failing to register. Instead, it replaced and substantially re-enacted that law via 18 Pa.C.S. § 4915.1. Therefore, the offense of failing to register as a sex offender continued and was at all times prohibited. … While § 4915 was void at the time of Appellant's trial, having been replaced by a newer statute, the crime itself was never invalidated in its entirety. Indeed, § 4915.1 was passed before the **Neiman** decision and, even considering § 4915 as void from the outset, § 4915.1 re-enacted the failing to register law under Megan's Law II.
>
> Phrased differently, failing to register as a sex offender was never decriminalized.

134 A.3d at 1076-77.

Here, of course, the conduct that resulted in Appellant's charge and conviction of Section 4915 occurred after the enactment of SORNA and after the Supreme Court's decision in **Neiman**. Nonetheless, although the Commonwealth mistakenly charged Appellant under Section 4915, the crime

of failing to register as a sex offender was never decriminalized and Section 4951.1 served to re-enact Section 4915. **See Derhammer**, **supra**. Therefore, we would find that the incorrect citation to section 4915 amounted to a mere technical error that would not invalidate the bill of information and Appellant's subsequent conviction. **See** Pa.R.Crim.P. 560(C) ("The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information."); **see also Commonwealth v. Young**, 695 A.2d 414, 420 (Pa. Super. 1997) ("The power to modify a judgment of sentence to amend records, to correct mistakes of court officers or counsel's inadvertencies is inherent in our court system, even after the thirty-day time limit set forth in 42 Pa.C.S.A. § 5505, has expired.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016

- 6 -