J-S15011-21

2021 PA Super 173

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
DAVID JASON WILLIAMS :
:
Appellant : No. 1220 WDA 2020

Appeal from the Judgment of Sentence Entered September 11, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005055-2015

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

OPINION BY LAZARUS, J.: **FILED: AUGUST 27, 2021**

David Jason Williams appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County. After careful review, we are constrained to reverse and remand for further proceedings.

The underlying facts of this case are as follows. On January 7, 2016, Williams entered a guilty plea, under docket number CC-5055-2015, to one count each of persons not to possess a firearm,[1] carrying a firearm without a license,[2] and possession of a small amount of marijuana.[3] The court sentenced Williams on August 19, 2016, to two years' state intermediate

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105.

[2] 18 Pa.C.S.A. § 6106.

[3] 35 P.S. § 780-113(a)(31).

punishment (SIP),[4] *see* 61 Pa.C.S.A. § 4102-4109 (repealed),[5] followed by three years' probation for persons not to possess a firearm, with no further penalty on the remaining counts. On October 30, 2017, Williams absconded from SIP and remained a fugitive for twenty-two months until he was arrested on August 30, 2019.[6] On December 18, 2019, the section of the Sentencing

_____

[4] SIP was a two-year program designed to benefit persons with drug and alcohol problems. In order to be eligible, the defendant could not have a history of present or past violent behavior and the Pennsylvania Department of Corrections must have determined that the defendant was in need of drug and alcohol treatment. *See, generally*, *Commonwealth v. Kuykendall*, 2 A.3d 559, 560-65 (Pa. Super. 2010).

[5] The General Assembly repealed 42 Pa.C.S.A. § 9774 ("Revocation of State Intermediate Punishment Sentence") in its entirety, effective December 18, 2019. Additionally, "State Intermediate Punishment" was deleted from the sentencing alternatives provided in section 9721. Finally, 61 Pa.C.S.A. § 4105, which previously was titled "Drug Offender Treatment Program," was retitled "State Drug Treatment Program." *See, generally*, *Commonwealth v. Hoover*, 231 A.3d 785, 788 n.1 (Pa. 2020).

[6] Williams explained that he left SIP without permission because:

[having been] shot himself and witnessing other shootings earlier in his life led him to develop a "phobia" about seeing people fall incapacitated. [Williams] has struggled for years with drug and alcohol problems, and stated "every time I go in [the SIP alternative housing facility], I would see people—like the new drug, K2, I don't know what it is, [and] I never did it or anything, but it's like seeing people fall out, pass out." [Williams] initially pleaded with his counselor at [the housing facility from which Williams absconded] to find another facility away from drug addicts[. W]hen he was told there was no alternative [], [Williams] "walked away []. I couldn't deal with the proximity to drug use." [] Williams added that "when I see things like people

*(Footnote Continued Next Page)*

Code governing revocation of SIP, 42 Pa.C.S.A. § 9774 ("Revocation of State Intermediate Punishment Sentence") was repealed. **See supra**, at n.5. At docket number CC-10145-2019, the Commonwealth charged Williams with escape;[7] at docket number CC-11324-2019, the Commonwealth charged Williams with possession of a controlled substance (crack cocaine);[8] and at docket number CC-11939-2019,[9] the Commonwealth charged Williams with driving under the influence—first offense. Williams pled guilty at a combined plea and resentencing hearing after the Commonwealth agreed to withdraw the possession of a controlled substance charge.[10]

_____

passing out from overdosing on drugs, it takes my mind somewhere else, and I got to get away [for] a minute."

Appellant's Brief, at 10 (brackets and internal citations omitted). **See also** N.T. Resentencing Hearing, 9/11/20, at 24-25.

[7] 18 Pa.C.S.A. § 5121(a).

[8] 35 P.S. § 780-113(a)(16).

[9] Although the charge at this docket number was referenced at the sentencing hearing, the docket number itself is not listed on the transcript cover page. **See** N.T. Resentencing Hearing, 9/11/20, at 1, 3. Nevertheless, we may ignore the inconsistency since the present appeal is only in relation to docket number CC-5055-2015. **See infra**, at n.10.

[10] The written guilty plea colloquies and are not in the certified record. In any event, Williams has only filed one notice of appeal at docket CC-5055-2015, thereby foregoing any appeal relating to the other dockets. **See Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that, after June 1, 2018, separate notices of appeal must be filed for each lower court docket number or appeal will be quashed); **Commonwealth v. J. Johnson**, 236 A.3d 1141, 1146 (Pa. Super. 2020) (en banc) (same); Pa.R.A.P. 341(a); **Commonwealth v. R. Johnson**, 236 A.3d 63, 66 (Pa. Super. 2020) (en
*(Footnote Continued Next Page)*

On September 11, 2020, the trial court resentenced Williams on his original conviction for person not to possess a firearm and imposed a sentence of forty-eight-to-ninety-six months' incarceration.[11] On October 5, 2020, Williams filed a *pro se* notice of appeal, challenging the trial court's sentence, which was forwarded to counsel. Counsel then filed a petition to accept a motion to reconsider sentence *nunc pro tunc*, as well as the underlying motion to reconsider. On October 9, 2020, the trial court granted the petition and denied the motion to reconsider by separate orders. Williams filed a timely notice of appeal on November 9, 2020. The trial court and Williams both complied with Pa.R.A.P. 1925.

On appeal, Williams raises the following issues for our consideration:

1. Whether the trial court retained jurisdiction to revoke and resentence [] Williams from [SIP] following the repeal of 42 Pa.C.S.[A. §] 9774[.]

2. Whether the trial court abused its discretion by imposing an excessive sentence and failing to consider [] Williams'[] rehabilitative needs, primarily his need for treatment, potential for rehabilitation, and willingness to accept responsibility for and to explain his improper actions, as required by 42 Pa.C.S.[A. §] 9721(b)[.]

Appellant's Brief, at 5.

_____

banc) (revisiting **Walker** requirements). **See also** Pa.R.A.P. 903(a) ("notice of appeal must be filed within 30 days after entry of order from which appeal is taken").

[11] As noted previously, this appeal only concerns the sentence imposed at docket CC-5055-2015, so we need not address the sentences imposed at the other docket numbers. **See supra**, at n.10.

In his first issue, Williams claims that the trial court lacked the authority to revoke his SIP sentence because section 9774, which controlled revocation of SIP sentences, was repealed at the time of Williams' SIP revocation and resentencing. Williams reasons that, under the new version of the law, now the State Drug Treatment Program, **see supra** at n.5, authority to expel someone from the program rests solely with the Department of Corrections. **See** 61 Pa.C.S.A. § 4105(f) (effective December 18, 2019). Further, Williams argues that, upon expulsion from the program, the currently enacted version of the statute requires that the offender "shall be housed in a State correctional institution to serve the remainder of the participant's sentence." 61 Pa.C.S.A. § 4015(f)(1). Consequently, Williams argues that he must be sent to serve the remainder of the flat two-year SIP sentence because the new statute contains no saving clause[12] preserving the repealed SIP revocation provisions. Williams concludes that the September 11, 2020 judgment of sentence should be vacated as a result of the court's error. We are constrained to agree.

Williams relies on our Supreme Court's decision in **Commonwealth v. Walton**, 397 A.2d 1179 (Pa. 1979), as well as our decisions in **Commonwealth v. Bangs**, 393 A.2d 720 (Pa. Super. 1978),

---

[12] A "saving clause" is a provision that the General Assembly includes in the new enactment that has the effect of preserving portions of the old statute. **See, e.g.**, **Commonwealth v. Beattie**, 93 Pa. Super. 404, 411-12 (1928); **see also Commonwealth v. Bangs**, 393 A.2d 720, 721 n.2 (Pa. Super. 1978) ("Pennsylvania is among the handful of states presently without a general saving clause applicable to criminal prosecutions.").

*Commonwealth v. Flashburg*, 352 A.2d 185 (Pa. Super. 1975), and *Commonwealth v. Beattie*, 93 Pa. Super. 404 (1928).

In *Walton*, the trial court relied on a repealed section of a statute for authority to order restitution in connection with a criminal sentence. Our Supreme Court found that, where there was no saving clause in the new statute, and since the General Assembly unequivocally repealed the restitution section at issue in that case without enacting a counterpart in the new statute, the trial court could not rely on the repealed section for the authority to order the defendant to pay restitution to the victim. *Walton*, *supra* at 1182; *accord Flashburg*, *supra* at 188 (court had no power to order restitution where section providing authority for court to order restitution was repealed and no corresponding section was reenacted).

In *Bangs*, there was an amendment to the definition of statutory rape while a prosecution for that crime was already in progress. The amendment reduced the age of consent from sixteen to fourteen and was enacted without a saving clause that expressly permitted ongoing statutory rape prosecutions to continue under the prior definition. Because the appellant's alleged criminal act no longer met the statutory definition, this Court discharged him from prosecution in the case. *See Bangs*, *supra* at 71-72.

Finally, in *Beattie*, this Court considered whether the trial court had the authority to order the defendant, at sentencing, to pay a $300 fine and serve two years' imprisonment. The trial court's sentence was authorized by the law in effect at the time of the sentencing hearing, but it exceeded the

maximum penalty for the offense under the amended act, which took effect while the case was on appeal. This Court found that, because a sentence must be sustainable through final judgment, the appellate courts no longer had the authority to sustain the appellant's sentence where it exceeded the statutory maximums in effect at the time of appellate review. *See Beattie*, *supra* at 415. Thus, the Court reversed and remanded for resentencing. *Id.*

Here, the trial court, in its Rule 1925(a) opinion, described, as follows, the authority on which it relied for revoking Williams' SIP sentence despite the General Assembly's repeal of sections 9774 and 4105(f)(3):

> [Williams] absconded from[,] and thus violated[,] SIP prior to February 18, 2020. At the time of [Williams'] absconding, the remedy for violating SIP was to revoke and reimpose sentence. This process is required because the SIP is a flat two-year program with no minimum or maximum sentence. In other words, if this [c]ourt did not have the authority to resentence [Williams] under the current version of [section] 4105, [Williams] would be left with an illegal flat sentence.
>
> Furthermore, [section] 4105, in its current form, applies to individuals in the "State drug treatment program," not SIP. When [Williams] absconded from [SIP] two years ago, he violated SIP, not the State drug treatment program. [Williams] does not get to benefit from his misconduct.
>
> Instead, he is subject to [section] 4105 as it read when he was expelled. Logically, this is the only possible conclusion. If [Williams] is correct that th[e trial c]ourt lacks the authority to resentence him, all SIP participants would be able to leave the program without fear of facing any consequences.

Trial Court Opinion, 1/25/21, at 3-4.[13]

---

[13] The trial court's Rule 1925(a) opinion is dated January 22, 2020, but was not docketed until three days later.

The Commonwealth contends this Court should affirm Williams' judgment of sentence and uphold the trial court's revocation of his SIP sentence because Williams' original aggregate SIP sentence included a period of probation, which remained in place, despite the repeal of SIP. The Commonwealth further notes that a court may revoke a defendant's probation, even prior to the commencement of the probationary period, if the court determines that probation is no longer in the best interest of the public or the defendant. *See* Appellee's Brief, at 12-13. The Commonwealth suggests that, although its current legal theory was not presented in the trial court, the appellate courts may affirm a trial court order, when it is correct, based on any legal ground, regardless of the legal basis on which the trial court relied. *See, e.g.*, *Commonwealth v. Petroski*, 695 A.2d 844, 847 (Pa. Super. 1997).

We begin by noting the applicable appellate standard of review. In *Commonwealth v. Kuykendall*, 2 A.3d 559 (Pa. Super. 2010), we found that revocation of a defendant's SIP sentence and the defendant's subsequent resentencing were analogous to probation revocation hearings. *Id.* at 563. As such, we borrowed that comparable standard:

> We find guidance in the applicable statutory law regarding SIP and analogous case law regarding probation revocation hearings. Generally, in reviewing an appeal from a judgment of sentence imposed after the revocation of probation, this Court's scope of review includes the validity of the hearing, the legality of the final sentence, and[,] if properly raised, the discretionary aspects of the appellant's sentence. *Commonwealth v. Ferguson*, [] 893 A.2d 735, 737 ([Pa. Super.] 2006). Accordingly, in evaluating the

- 8 -

revocation of a SIP sentence, we ordinarily would apply that scope of review.

*Id.* at 563. Additionally, a challenge to the legality of a sentence is a question of law which requires a plenary scope and *de novo* standard of review. *Commonwealth v. Barnes*, 167 A.3d 110, 116 (Pa. Super. 2017) (en banc). When an appellant raises such a challenge, we have explained:

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. . . . If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

*Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotation marks omitted).

We have previously noted that expulsion from and revocation of SIP are separate and distinct concepts as they appear in the statute. *Kuykendall*, *supra* at 562. Under SIP, prior to its repeal, the Department of Corrections was permitted to expel defendants from the program at any time, but was required to promptly notify the court of such expulsion so that the court could, in turn, conduct a prompt revocation hearing:

> **(f) *Expulsion from program.***
>
> **(1)** A participant may be expelled from the drug offender treatment program at any time in accordance with guidelines established by the department, including failure to comply with administrative or disciplinary procedures or requirements set forth by the department.
>
> **(2) The department shall promptly notify the court**, the defendant, the attorney for the Commonwealth and the

commission **of the expulsion** of a participant from the drug offender treatment program and the reason for such expulsion. The participant shall be housed in a State correctional institution or county jail pending action by the court.

**(3) The court shall schedule a prompt State intermediate punishment revocation hearing** pursuant to 42 Pa.C.S. § 9774 (relating to revocation of State intermediate punishment sentence) [(now repealed)].

61 Pa.C.S.A. § 4105(f) (emphasis added).

Here, we are constrained to agree with Williams and find that **Walton**, **Flashburg**, and **Beattie** control the case *sub judice*. Williams was originally sentenced pursuant to the SIP statute and then absconded after completing several months of the program. However, like in **Walton**, *supra*, the General Assembly did not include a saving clause in the new provision of law, the State drug offender program. Since the General Assembly unequivocally repealed the SIP revocation procedure, **see** 61 Pa.C.S.A. § 4105(f)(3) (repealed); **see also** 42 Pa.C.S.A. § 9774 (repealed), without enacting counterparts to those deleted sections in the new statute, the trial court could not rely on the repealed sections for the authority to order Williams' SIP sentence revoked. **See Walton**, *supra*; **see also Flashburg**, *supra*. Additionally, like in **Beattie**, Williams' sentence cannot be sustained on appeal because the appellate courts do not have the authority to rely on a repealed statute that

the General Assembly did not intend to "save" in order to affirm a defendant's judgment of sentence.[14]  **See Beattie**, **supra** at 415.

Because the court revoked Williams' SIP sentence without statutory authority, we are constrained to remand for further proceedings.[15]  **See**

_____

[14] Even if we were to find that the trial court could rely on the repealed statutes for authority to revoke Williams' SIP sentence, we would find that the Commonwealth and the court did not follow the requisite procedure outlined in subsections 4105(f)(2) and (3).  There is no evidence in the record to identify at what time the Department of Corrections expelled Williams from SIP.  **See Kuykendall**, **supra** at 562; 61 Pa.C.S.A. § 4105(f)(2).  Although there was a suggestion by counsel at the resentencing hearing that a court-ordered bond revocation on March 29, 2016 evidenced Williams' expulsion from SIP, **see** N.T. Resentencing Hearing, 9/11/20, at 19, we note the hearing was held several months prior to Williams' absconding, and makes no mention of his expulsion from SIP.  **See, generally**, N.T. Bond Revocation Hearing, 3/29/16.  Moreover, there is no evidence in the record that the court conducted a "prompt" SIP revocation hearing.  **See** 61 Pa.C.S.A. § 4105(f)(3).  Indeed, Williams' SIP sentence was not revoked for twenty-two months after his absconding and prior to the court finally holding the revocation hearing.  Far from allowing Williams to benefit from his absconding, we note that the Commonwealth neglected its duty to act promptly with regard to Williams' case.  **See** 61 Pa.C.S.A. §§ 4105(f)(2), (3).  We disagree that, as a result of this decision, participants of SIP will be able to leave the program without facing consequences; the Commonwealth could have requested the court to resentence Williams in absentia during his period of absconding in order to satisfy the promptness requirements in subsection 4105(f).  **See, e.g.**, **Commonwealth v. Andrews**, 1103 EDA 2012, at *2-*3 (Pa. Super. 2014) (unpublished memorandum) (trial court resentenced defendant in absentia after defendant did not report to begin serving original sentence).  Additionally, the General Assembly could have included a saving clause in the new State drug treatment program law if it so desired, but it did not.  Here, like in **Beattie**, **supra** at 415, the trial court took the risk of imposing a sentence that could not be affirmed on appeal.

[15] We decline to adopt the Commonwealth's alternative theory for affirming—namely, that the trial court was permitted to revoke Williams' probationary sentence prior to its commencement.  We agree with the Commonwealth that
*(Footnote Continued Next Page)*

*Infante*, *supra*.  Additionally, we need not address Williams' second issue, a challenge to the discretionary aspects of his sentence, because we vacate his judgment of sentence and remand.

Judgment of sentence vacated.  Remanded with instructions to reinstate original order of probation.[16]  Jurisdiction relinquished.

--------------------------------

the appellee is permitted to raise a valid alternative legal theory in support of affirmance for the first time on appeal, provided that the correct basis for the decision is clear on the record. *See Bearoff v. Bearoff Brothers, Inc.*, 327 A.2d 72, 76 (Pa. 1974).  Here, Williams' probationary sentence was not revoked by the court, as alleged by the Commonwealth. *See* N.T. Resentencing Hearing, 9/11/20, at 14-15 (court inquiring into Williams' understanding of ongoing proceedings; "[Court:]  So[,] you understand that your SIP program is a sentence failure; **it's not a violation of probation** or parole[? Williams:] **Okay.**") (emphasis added).  Moreover, an en banc panel of this Court recently overturned the line of cases cited by the Commonwealth in support of its position. *See Commonwealth v. Simmons*, 2461 EDA 2018, at *19 (Pa. Super. filed 8/18/21) (en banc) (overturning *Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980), and its progeny).

[16] Although we find that Williams' SIP revocation proceeding was void for lack of statutory authority, we also find that Williams cannot continue to serve the original SIP sentence where the SIP statute has been repealed and substituted with the State drug treatment program, and where there is no saving clause applicable to Williams' case. *See* 1 Pa.C.S.A. § 1971(a).  Therefore, the only remaining valid portion of Williams' original sentence is the consecutive term of three years' probation. *See Simmons*, *supra* at *30 (remanding with instructions to reinstate valid portions of defendant's original sentence following appellate determination that resentencing was void).

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/27/2021