J-S01010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELLE C ANDERSON | : | |
| | : | |
| Appellant | : | No. 805 MDA 2021 |

Appeal from the Order Entered April 30, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005947-2017

BEFORE: BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED: JANUARY 13, 2022**

Darnelle C. Anderson appeals from the judgment of sentence of two to four years of imprisonment imposed by the trial court following Appellant's expulsion from the State Intermediate Punishment ("SIP") program and the court's anticipatory revocation of probation. We vacate Appellant's judgment of sentence and remand for further proceedings.

On September 7, 2017, Appellant was arrested for driving under the influence ("DUI") of a controlled substance and possession of phencyclidine ("PCP"), after he crashed his vehicle into the steps of a church. *See* N.T. Guilty Plea, 3/21/19, at 6. On March 21, 2019, Appellant pled guilty to a third-

_____

[*] Retired Senior Judge assigned to the Superior Court.

offense DUI and possession of PCP.[1]  Sentencing was deferred so that a presentence report could be completed, and Appellant could be evaluated for admission into the SIP program.  Thereafter, Appellant was accepted into the SIP program and proceeded to sentencing.  At count 1 – DUI, Appellant was sentenced to twenty-four months of the SIP program with credit for time served.  At count 2 – possession of PCP, the court imposed a consecutive two-year term of probation.

On May 24, 2021, the trial court held a revocation and resentencing hearing after the Department of Corrections expelled Appellant from the SIP program due to a new DUI charge.  *See* N.T. Revocation Hearing, 5/24/21, at 2, 7.  The court revoked the SIP sentence and anticipatorily revoked Appellant's probation based upon the new criminal charge.  At the conclusion of the hearing, the court resentenced Appellant at count one to one to two years of incarceration with credit for time served.  At count two, the court imposed a consecutive sentence of one to two years of incarceration.  The court noted that while Appellant had been expelled from the SIP program, he was eligible for the State Drug Treatment Program.  *Id*. at 7.

---

[1] On March 21, 2019, Appellant also entered open guilty pleas to two other DUI charges.  The charges stemmed from two separate incidents that occurred in May of 2017.  In each case, Appellant drove up onto a sidewalk while high on PCP and marijuana.  When arrested, Appellant also had PCP in his possession. N.T. Guilty Plea, 3/21/19, at 5-6.  Due to the timing provision set forth in 75 Pa.C.S. § 3802(d), the September 17, 2017 incident, which is the DUI conviction at issue in this appeal, was properly classified as a third offense.

On June 16, 2021, defense counsel filed a motion to modify sentence and a motion for permission to file the otherwise untimely motion *nunc pro tunc*. The court granted permission to file the motion *nunc pro tunc*, but denied the motion to modify on the merits. This timely appeal followed. In his concise statement Appellant challenged the discretionary aspects of his sentence. The trial court filed its Rule 1925(a) opinion, and the appeal is ripe for adjudication.

Appellant raises the following issues for our review:

I. Did not the lower court lack the legal authority to revoke [Appellant's] state intermediate punishment ("SIP") sentence at count 1 and to impose a new sentence because the statutory basis for revocation of SIP – 42 Pa.C.S. § 9774 – was repealed by legislation enacted on December 18, 2019?

II. Did not the lower court lack the legal authority to effect an anticipatory revocation of [Appellant's] probation on count 2 and to impose a new sentence because such actions contravene the relevant statutory provisions as interpreted by an *en banc* panel of this court on August 18, 2021, in ***Commonwealth v. Simmons***?

Appellant's brief at 5.

In both claims, Appellant challenges the authority of the court to impose a sentence. Accordingly, the issues raised implicate the legality of the sentence imposed and are non-waivable despite Appellant's failure to preserve them by first raising them in the trial court. ***See Commonwealth v. Weir***, 239 A.3d 25, 35-36 (Pa. 2020); ***Commonwealth v. Batts***, 163 A.3d 410, 434 (Pa. 2017). Challenges to the legality of a sentence are questions of law

which require a plenary scope and *de novo* standard of review. ***See***

***Commonwealth v. Barnes***, 167 A.3d 110, 116 (Pa.Super. 2017) (*en banc*).

When an appellant raises such a challenge, we have explained:

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. . . . If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa.Super. 2013) (internal

citations and quotation marks omitted).

In his first claim, Appellant challenges the authority of the court to

revoke his SIP sentence. The Commonwealth agrees with Appellant and did

not file a brief. ***See*** Commonwealth's letter in lieu of brief. The authority to

revoke an SIP sentence was repealed by the legislature on December 18,

2019. ***See*** 42 Pa.C.S. § 9774 (repealed). By way of background, the

legislature enacted SIP in November 2004. SIP was a two-year program

designed to benefit persons with drug and alcohol problems. 61 Pa.C.S.

§§ 4102-4109. To be eligible for the SIP program, a defendant could not have

a history of present or past violent behavior and the Pennsylvania Department

of Corrections ("DOC") had to determine that the defendant needed drug and

alcohol treatment. Once enrolled, the DOC had the authority to expel

defendants from the program but was required to promptly notify the court of

such expulsion so that the court could, in turn, conduct a prompt revocation

and resentencing hearing.  **See** 61 Pa.C.S. § 4105(f).[2]  At the revocation hearing, "the sentencing alternatives available to the court [were] the same as the alternatives available at the time of initial sentencing."  42 Pa.C.S. § 9774(c) (repealed).

On December 18, 2019, the General Assembly repealed the SIP revocation and resentencing procedure in its entirety.  **See** P.L. 776, No. 115, § 5 (December 18, 2019).  Additionally, SIP was deleted from the sentencing alternatives provided in 42 Pa.C.S. § 9721.  Finally, 61 Pa.C.S. § 4105, which previously was titled "Drug Offender Treatment Program," was retitled "State

---

[2] That statute provided as follows:

> (1) A participant may be expelled from the drug offender treatment program at any time in accordance with guidelines established by the department, including failure to comply with administrative or disciplinary procedures or requirements set forth by the department.
>
> (2) The department shall promptly notify the court, the defendant, the attorney for the Commonwealth and the commission of the expulsion of a participant from the drug offender treatment program and the reason for such expulsion.  The participant shall be housed in a State correctional institution or county jail pending action by the court.
>
> (3) The court shall schedule a prompt State intermediate punishment revocation hearing pursuant to 42 Pa.C.S. § 9774 (relating to revocation of State intermediate punishment sentence) [(now repealed)].

61 Pa.C.S. § 4105(f) (pre-2019 amendment).  Following the 2019 amendment, § 4105(f)(3) was repealed and the remaining sections were amended to expand the authority of the DOC to recommit expelled offenders to serve the remainder of their sentences in state facilities.

Drug Treatment Program." ***See generally Commonwealth v. Hoover***, 231 A.3d 785, 788 n.1 (Pa. 2020). The authority to expel someone from the State Drug Treatment Program rests solely with the DOC, which results in the recommitment of the expelled participant to serve the remainder of his sentence. ***See*** 61 Pa.C.S. § 4105(f)(1).

Relying on ***Commonwealth v. Williams***, 263 A.3d 1 (Pa.Super. 2021), Appellant argues that since § 9774 was repealed without a "savings clause," the revocation court did not have the authority to revoke his SIP sentence. ***See*** Appellant's Brief at 11. We are constrained to agree.

In ***Williams***, the defendant pled guilty and was sentenced to SIP in 2016. He was expelled from SIP after he absconded and obtained new criminal charges. ***Id***. at 6 n.14. In 2020, the defendant appeared for a revocation hearing. At the conclusion of the hearing, the trial court revoked the SIP sentence and imposed a new sentence of four to eight years of incarceration. On appeal, the defendant contended that the trial court did not have the authority to revoke his SIP sentence, since the statutory authority to do so was repealed in 2019 when the State Drug Treatment Program was enacted. Instead, he alleged that he should have been committed by the DOC to serve the remainder of this sentence under the newly-enacted version of 61 Pa.C.S. § 4105(f)(1).

The ***Williams*** Court agreed with the defendant, in part. Since the legislature repealed the statute and failed to include a "savings clause" in the new provision, the trial court lacked authority to revoke and resentence on

the SIP portion of the defendant's sentence.[3] **Williams**, **supra** at 6. The defendant's sentence could not be sustained because the appellate courts also could not rely on a repealed statute that the General Assembly did not intend to "save" in order to affirm a defendant's judgment of sentence. However, the Court disagreed with the defendant about the proper relief. Due to the lack of statutory authority, the Court determined that the defendant could not be recommitted to serve the remainder of his SIP sentence. Instead, the court vacated the SIP sentence in its entirety.

Herein, as in **Williams**, Appellant pled guilty and was sentenced to SIP prior to the repeal of § 9774 and § 4105(f)(3). While Appellant was serving his SIP sentence, the legislature repealed the revocation and resentencing procedure without enacting counterparts to the deleted sections in the new statute, the State Drug Treatment Program. Appellant's SIP sentence was later revoked and Appellant was resentenced based on the then-repealed § 9774. Accordingly, **Williams** controls and Appellant's SIP sentence must be vacated in its entirety. Like the court in **Williams**, we too lack "the authority to rely on a repealed statute that the General Assembly did not intend to 'save' in order to affirm a defendant's judgment of sentence." **Id**. at 6. Consequently, we must vacate Appellant's SIP sentence.

---

[3] A "savings clause" is a provision that the General Assembly includes in a new statute that preserves portions of the old statute. **See Commonwealth v. Williams**, 263 A.3d 1, 4 n.12 (Pa.Super. 2021).

In his second claim, Appellant argues that the trial court erred when it revoked his probationary sentence prior to its commencement. Again, the Commonwealth agreed with Appellant and did not file a brief. *See* Commonwealth's letter in lieu of brief. As indicated hereinabove, Appellant was originally sentenced to twenty-four months of SIP, with a consecutive two years of probation at a separate count. The conduct that served as the basis for revocation, namely the new DUI charge, was committed during the SIP portion of Appellant's sentence. Accordingly, the trial court revoked the order of probation before the consecutive probationary term commenced.

This anticipatory revocation of Appellant's order of probation was permissible at the time the trial court issued its revocation order under longstanding precedent established by this Court. Indeed, for more than four decades, beginning with this Court's decision in *Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa.Super. 1980), the law of this Commonwealth was that, for revocation purposes, a term of probation included all time from when probation was granted until the probationary term had been fully served. However, in *Commonwealth v. Simmons*, 262 A.3d 512 (Pa.Super. 2021) (*en banc*), this Court overruled *Wendowski* and its progeny, holding as follows:

> Simply stated, *Wendowski* was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." *Wendowski*, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this

understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

*Id*. at 524-25. A sentence imposed without statutory authority is an illegal sentence. *See, e.g., Commonwealth v. Finnecy*, 249 A.3d 903, 912 (Pa. 2021).

Here, as in *Simmons*, Appellant's order of probation was revoked because he violated the general probation condition of law abidingness by committing a new crime before he commenced the probationary tail of his sentence. However, pursuant to *Simmons*, Appellant was not required to comply with the conditions of probation before he began serving the probationary term, and therefore his noncompliance did not permit the anticipatory revocation of his order of probation. Therefore, as was the appellant in *Simmons*, Appellant is entitled to relief in the form of having his current judgment of sentence vacated and having the original order of probation reinstated. *Id*. at 528 (vacating the judgment of sentence and remanding with instructions to reinstate the original order of probation).

As noted above, Appellant's SIP revocation proceeding was void for lack of statutory authority, and Appellant cannot continue to serve the original SIP sentence where the SIP statute has been repealed and substituted with the State Drug Treatment Program, and where there is no savings clause

applicable to Appellant's case. **_See Williams_**, **_supra_** (vacating the defendant's SIP sentence due to the lack of statutory authority). Therefore, the only remaining valid portion of Appellant's original sentence is the consecutive two-year term of probation. **_See Simmons_**, **_supra_** at 528 (remanding with instructions to reinstate valid portions of defendant's original sentence following appellate determination that resentencing was void). As such, we remand for the trial court to reinstate Appellant's original two-year order of probation.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/13/2022